Birdie Amsterdam, J.
The instant motions arise out of an unusual set of circumstances. The essential facts are these: Movants are limited partners in a California limited partnership known as “ The Marriage-Go-Round Co.”. The partnership exploited the stage and moving picture rights in the literary property known as ‘1 The Marriage-Go-Round ’ which resulted in profits, over $200,000 of which have been “ frozen ” by reason of an attachment against the defendant herein, Gregory Enterprises, Inc. Said corporation, a Pennsylvania corporation but having its principal place of business in California, is the sole general partner of the said limited partnership. It appears that California law permits a corporation to be a general partner in a limited partnership.
On or about January 8, 1960, a warrant of attachment was obtained in this court against the defendants named herein, Paul Gregory and Gregory Enterprises, Inc. The warrant was subsequently vacated as to the individual, Paul Gregory. No final judgment has been rendered in the action. It appears from the certificate of limited partnership that the aggregate interest of all of the limited partners in “ The Marriage-Go-Round Co.” is 50%, divided as follows: Charles Boyer 15%, Claudette Colbert 20%, Howard S. Cullman 7.7%, Daniel T. O’Shea 4.8%, and Raymond A. Klune 2.5%.
This action is predicated upon disputes between the parties named herein, centering on the production of a different play, known as “ The Pink Jungle ”. This play was unsuccessful. However, none of the limited partners are concerned with the disputes which are the subject of this action. The sole reason why the proceeds and profits of “ The Marriage-Go-Round” are tied up by the attachment is that the corporate defendant, Gregory Enterprises, Inc., happens also to be the general partner of “ The Marriage-Go-Round Co.” In November, 1960, the action then pending between the plaintiff herein, Krellberg and Paul Gregory and Gregory Enterprises, Inc., was settled. The said Paul Gregory and Gregory Enterprises, Inc., agreed to assume the debts of “The Pink Jungle Co.”, to which Paul Gregory and Mr. Krellberg, as general partners therein, were jointly and severally exposed. The defendants further agreed to apply the partnership interest of the defendant Gregory Enterprises, Inc., in the production of “ The Marriage-Go-Round ’ ’ to the payment of the debts of the unsuccessful “ The Pink Jungle ” production. Said settlement agreement was intended, it appears, to hold Mr. Krellberg free and harmless of all debts for which he was liable as a general partner in “ The Pink Jungle The partnership interest of *1095 the defendant Gregory Enterprises, Inc., in “ The Marriage-Go-Ronnd ” proceeds had been attached by reason of plaintiffs’ suit against the defendants herein because of their differences in respect of “ The Pink Jungle This attachment was continued, after the settlement of the afore-stated action, as security for the settlement. That is the only connection between the two productions. The limited partnership known as “ The Marriage-Go-Round Co.” has no debts nor creditors (other than one stated which is unassociated here).
It is the limited partnership known as “ The Pink Jungle Co.” which is indebted to creditors. Solely then, by reason of the settlement made in the action stated, did the general partner, Gregory Enterprises, Inc., in the production “ The Marriage-Go-Round ’ ’, become indebted to the creditors of “ The Pink Jungle Co.”. Hence, the attachment recovered by plaintiffs against the defendant Gregory Enterprises, Inc., never extended beyond the interest which that general partner had and has in “ The Marriage-Go-Round Co.”. Despite this clear factual and legal position, the stakeholders herein have been unwilling to release the funds belonging to the stated limited partners.
The instant motions therefore seek an order, pursuant to section 924 of the Civil Practice Act, to release from attachment the proceeds and profits belonging to the third-party claimants, Claudette Colbert, Charles Boyer, Howard S. Cull-man, Raymond A. Klune and David T. O’Shea, as limited partners in “ The Marriage-Go-Round Co.” of their respective shares of “ frozen ” funds.
Plaintiffs place much reliance upon the case of Alley v. Clark (71 F. Supp. 521). Such reliance, however, is misplaced. That was an action by a limited partner who claimed to be authorized to sue the United States Government through the Attorney General, successor to the Alien Property Custodian, and to do so it was required under the state of the law which then existed that plaintiff establish his claim of right as one of interest, right or title to the assets of the limited partnership. It was held that the limited partner is in the position of a creditor, or one having a “ debt ” claim, and not an interest, right or title. To the purpose of the inquiry there, such a discovery was essential, and a finding that plaintiff there was a “debt” claimant established his status as a plaintiff under the Federal statute.
The attachment in this action and the levies made thereunder have not reached any property or debts held for or owed by the attachment debtors to these defendants save as the corporate defendant is a general partner of the two mentioned *1096 limited partnerships. If so, such interest as the limited partners have therein cannot he reached by attachment or execution. There appears no reason why the attachment here should avail the plaintiffs to do more than to reach at most the interests of the general partner, particularly in the circumstances here. “ The Marriage-Go-Round Co.” was successful. It has no creditors and owes no debts save to the principals thereof and a sole creditor claimant who in another action has obtained an injunction restraining the attachment debtors from transferring out of the funds in their possession an amount equivalent to the claim of the creditor claimant.
The claim of a limited partner is subordinate only to the claims of general creditors of the limited partnership. Since the debts of the limited partnership, “ The Marriage-Go-Round Co.”, have been paid, the limited partnership’s 50% interest is forthcoming out of the surplus in the hands of the stakeholders. Deducting that amount ratably from the debts owing from the attachment debtors, one half of the remainder alone is required to be held as the interest of the general partner, and the remaining one half is not reached, and should not be held. It is a debt in favor of the “ debt ” claimants, the limited partners. No direction for payment is asked by the notice of motion or to be made under this motion. It is granted to the extent of releasing those debts from the attachment as requested.