Theodore Velsor, J.
This is a motion to vacate service of a summons upon the ground that the court has no personal jurisdiction over the defendant. The application is based upon the dual premise that the defendant is a limited partnership organized and existing under the laws of the State of Now Jersey with principal offices in that State, and does not transact business in this State. Concededly the summons was served in New York upon a general partner of the defendant who resides in New York.
*904 This court does not find it necessary to pass upon the sufficiency of the tangential reference contained in paragraph “ 8 ” of the complaint to support the application of the “long-arm statute ” (CPLR 302). The fact that the summons was served upon a general partner of the defendant who resided in New York, in the opinion of this court, is sufficient to- sustain the jurisdiction of the courts of this State over the defendant.
CPLR 503 (subd. [d]) reads in part “A partnership or an individually-owned business shall be deemed a resident of any county in which * * * the partner or individual owner suing or being sued actually resides.”
CPLR 310 provides that “ Personal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them.”
As used above, no particular distinction can be drawn between a limited partnership and a general partnership, and no legislative intent is to be inferred which would accomplish such end. Indeed, the quoted statutes are merely codifications of existing law (Bulkley v. O’Donnell, 148 Misc. 186, affd. 240 App. Div. 929). In Bulkley (supra) the court emphatically held that a partnership, notwithstanding that its certificate stated its principal place of business, had no residence distinct from the residences of the partners. This ruling was cited as authority most recently in New York Cent. R. R. Co. v. Lefkowits (227 N. Y. S. 2d 302).
Nor does it make any difference that the partnership was sued in the partnership name (cf. CPLR 1025; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 503.11).
Accordingly, in view of the admitted service of the summons in New York, on a general partner of a limited partnership who resides in New York, the motion to vacate service is denied.