■ MICHELI CONTRACTING CORPORATION et al., Respondents, v FAIRWOOD ASSOCIATES, Appellant, et al., Defendants.—Appeal from that part of an order of the Supreme Court at Special Term, entered January 29, 1979 in Albany County, which denied a motion to dismiss the complaint and to cancel a notice of pendency. The underlying action is to foreclose three mechanic's liens filed by plaintiffs. Micheli Contracting Corporation (Micheli) filed its liens on September 8, 1975. Fraim's House of Carpets, Incorporated (Fraim's) filed its lien on November 7, 1975. The summons, verified complaint and *lis pendens* in this action were filed in the Albany County Clerk's office on January 6, 1976. The mechanic's liens and *lis pendens* filed in this action cover the entire property known as the Fairwood Apartments Complex, which is divided into three parcels. Parcel No. 1 is owned by Fairwood Associates, a limited partnership, one of whose partners is Samuel M. Berley. Parcel No. 2 is owned by Samuel M. Berley, individually. Parcel No. 3 is owned by the Carleton Construction Corporation (Carleton). On January 7, 1976, Carleton was served by service on the Secretary of State. Samuel Berley was served by substituted service on July 2, 1976, individually and as a limited partner of Fairwood Associates. On January 11, 1977, Fairproj Corporation, a general partner of Fairwood Associates, was served by service upon the Secretary of State. Plaintiffs served 8 of the 15 named defendants within a 30-day period following their filing of the notice of pendency. Fairwood Associates seeks dismissal of the foreclosure action pursuant to CPLR 3211 (subd [a]) and cancellation of the *lis pendens* pursuant to CPLR 6514. Appellant contends that the notice of pendency is ineffective for failure to comply with CPLR 6512. The statute provides that "A notice of pendency filed before an action is commenced is effective only if, within thirty days after filing, a summons is served upon the defendant". Appellant urges that this section requires service within 30 days on all multiple defendants. We disagree. Service upon one defendant is sufficient to preserve a notice of pendency in a multidefendant situation *(Washington Hgts. Fed. Sav. & Loan Assn. v 685A Hancock St. Corp.,* 41 Misc 2d 911; see, also, 7A Weinstein-Korn-Miller, NY Civ Prac, par 6512.03; 13 Carmody-Wait 2d, NY Prac, § 87.44). Plaintiffs have complied with the requirements of CPLR 6512 and, therefore, appellant is not entitled to a mandatory dismissal of the notice of pendency. Nor is it entitled to a discretionary dismissal. There is no reason to conclude that plaintiff has not commenced or prosecuted the action in good faith. Appellant seeks also to dismiss the mechanic's lien on the ground that plaintiff failed to comply with the applicable requirement of section 17 of the Lien Law which requires that an action be commenced to foreclose the lien within one year of the filing of the notice of lien. The appellant contends that an action was

not commenced against Fairwood Associates until service was made on Fairproj Corporation, a general partner of Fairwood Associates, on January 11, 1977, well beyond the one-year limit of the statute. We conclude that the action was commenced against the defendants when the *lis pendens* was filed on January 6, 1976. CPLR 304 provides that "An action is commenced and jurisdiction is acquired by service of a summons." CPLR 203 (subd [b]) provides, in pertinent part: "A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: 1. the summons is served upon the defendant; or * * * 3. an order for a provisional remedy other than attachment is granted, if, within thirty days thereafter, the summons is served upon the defendant". In adopting the CPLR, the list of provisional remedies was expanded to include a notice of pendency. A notice of pendency is a provisional remedy within the meaning of CPLR 203 *(King v Quinn,* 23 AD2d 615). Thus, the filing of the pendency of action on January 6, 1976 commenced the action and was within the one-year statutory limitations of section 17 of the Lien Law. We conclude, as well, that service on Samuel Berley was sufficient to commence the action against Fairwood Associates on the additional ground that service on a partner of Fairwood Associates was service on the Associates. CPLR 310 provides that "Personal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them." We conclude that Berley's change of status from general to limited partner on September 22, 1975 does not alter his status for purposes of whether jurisdiction can be acquired over the partnership by service upon him. The term "partnership", as is defined in subdivision 1 of section 10 of the Partnership Law, includes a limited partner. When the Legislature drafted CPLR 310 and opted to use the general term "partnership", it is reasonable to infer that this included a limited partner. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.