OPINION OF THE COURT
Rose L. Rubin, J.
I.
The proliferation of limited partnerships brings with it a variety of new legal issues. This cáse raises several such issues. This action was brought to recover damages for the alleged conversion from Executive House Realty, a limited partnership, of $992,000 in cash contributions from limited partners and cash advanced to this limited partnership Upon promissory notes executed by the limited partners. The transactions are related to many of the same parties and the same underlying real estate project which was the subject of a decision on different issues by Justice Eli Wager in Shupack v Citibank, N.A. (NYLJ, March 3, 1981, p 13, col 3).
*987 In this action for money damages, plaintiffs move for confirmation of an ex parte order of attachment. The order was granted against Ronald A. Hagen and two of his wholly owned New York corporations, Hagen Enterprises, Inc. (hereinafter HE, Inc.) and Hagen & Associates Research & Development Corporation (hereinafter H & A Corp.). Nominally, plaintiffs are Executive House Realty (hereinafter EHR), a New Jersey limited partnership, and EHR’s sole general partner, Executive House Realty Co. (hereinafter EHR Co.). EHR Co. is a New York partnership composed of three partners, Mark Greenberg, HE, Inc., and either Gary . Lichtenstein or his assignee, Hagen Management Corp.
II.
The complaint and supporting papers allege the following:
EHR was formed to buy and operate an apartment building in New Jersey. Ronald Hagen, the person authorized to handle EHR’s banking transactions, failed to appear at the closing scheduled for September 30, 1980. Inquiries to EHR’s bank disclosed that approximately $300,000 in EHR funds had been transferred to Ronald Hagen in late August and that an additional $590,000 had been transferred to an H & A Corp. bank account on September 26, 1980 and from there to Ronald Hagen. Plaintiffs have been unable to locate Ronald Hagen and they have resorted to service by publication upon him. The corporate defendants were served by service upon the Secretary of State. Sheriffs, pursuant to the order of attachment, have levied upon bank accounts, an escrow account and upon interests of the defendants in uninvolved limited partnerships. Service upon the uninvolved partnerships was made by service upon a limited partner.
Defendants have not appeared upon this motion nor have they appeared in the action. Eben Pyne, a limited partner in the uninvolved partnerships Calloway Associates, Terrarius Realty Associates and Fanroy Associates, and Edmund Pratt, a limited partner in the partnerships Cedarhurst Plaza Associates, 55th Avenue Associates and Saratoga Springs Associates, appear on behalf of the lim *988 ited partners in the respective partnerships to oppose confirmation of the attachment and to challenge the effectiveness of the levy. Gary Lichtenstein brings, by way of cross motion, a special proceeding to determine his adverse claim to $25,000 held in escrow pursuant to an agreement among Lichtenstein, HE, Inc., and Hagen Management Corp. for a buy out by the latter corporation of Lichtenstein’s interest in EHR Co. A proposed settlement of this claim, acceptable to the court, has been submitted. Additionally, the Sheriff of Nassau County cross-moves for fees and poundage.
III.
Upon a motion to confirm an order of attachment, plaintiffs have the burden of establishing, (1) a ground for the attachment, (2) the existence of a cause of action, (3) the probability that plaintiffs will succeed on the merits, (4) the need for continuing the levy, and (5) that the amount demanded from the defendants exceeds all counterclaims known to the plaintiffs. (CPLR 6211, subd [b]; 6212, subd [a]; 6223, subd [b].) Plaintiffs must establish each element respectively as to each defendant. (AMF, Inc. v Algo Distrs., 48 AD2d 352.) They may do so by any combination of documents, affidavits reciting personal knowledge, and affidavits reciting information and belief provided the basis of the information and belief is stated. (AMF, Inc. v Algo Distrs., supra; Richman v Richman, 41 AD2d 993; Swiss Bank Corp. v Eatessami, 26 AD2d 287, 289-290.)
In the case of a resident or domiciliary defendant, plaintiffs must show as a ground for the attachment, either that the defendant cannot be personally served despite diligent efforts to do so (CPLR 6201, subd 2) or that the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff’s favor, has assigned, disposed of, encumbered or secreted property, or removed it from the State or is about to do any of these acts. (CPLR 6201, subd 3.) Demonstrating a cause of action for conversion is not a sufficient ground for attachment. (See Memorandum of Office of Ct Admin, L 1977, ch 860, § 1, McKinney’s Session Laws of NY, 1977, p 2636.)
*989 IV.
The affidavits and other exhibits demonstrate that Ronald Hagen could not be personally served despite diligent efforts. Further, they demonstrate that Hagen, with intent to defraud his creditors, has disposed of virtually all the money in his various bank accounts. Therefore, plaintiffs have established both grounds for an order of attachment against Ronald Hagen.
V.
Applying the two tests to determine the right to attachment against the corporate defendants, the court finds first that the corporate defendants have been served by service upon the Secretary of State. Service upon the Secretary of State is personal service inasmuch as it is service upon an agent authorized by law to receive process for the corporate defendants. (Business Corporation Law, § 304; CPLR 311.) The first ground, therefore, fails. The alternative ground for attachment requires a showing that the corporate defendants secreted or disposed of their assets (see Eaton Factors Co. v Double Eagle Corp., 17 AD2d 135, 136) or that the attachment seeks to reach the specific property converted. (See Adam Hat Stores v Lang, 155 Misc 587.) Plaintiffs have not shown that these defendants secreted or disposed of corporate property. Indeed, they allege that the converted funds are in the possession of Ronald Hagen.
Since neither of the available grounds for attachment has been demonstrated with respect to the corporate defendants, the order of attachment is vacated insofar as it applies to HE, Inc., and H & A Corp.
VI.
Grounds for attachment against Ronald Hagen have been demonstrated. The next issue is whether there exists a cause of action against him. Ronald Hagen’s authority to handle banking transactions did not include authority to transfer those assets for purposes other than partnership business. (Chemical Bank of Rochester v Haskell, 68 AD2d 347, 352-353.) Plaintiffs have shown their legal ownership of the property and the exercise of unauthorized dominion by Hagen. (AMF, Inc. v Algo Distrs., 48 AD2d 352, 356, supra.) Moreover, the rule that one partner cannot sue *990 another partner for damages in an action in conversion (Bassett v American Meter Co., 20 AD2d 956, 957) is not a bar to the action against Ronald Hagen. He is not a partner iii or with any plaintiff and he was at most acting as agent for a partner. The cause of action against Ronald Hagen in conversion is unaffected by and, in fact, should be joined with claims against the partner HE, Inc., which arise out of the same transaction. (Bassett v American Meter Co., supra; see Alpert v Haimes, 64 Misc 2d 608, 612.)
The allegations in the supporting papers are sufficient to establish the need for continuing the levy upon Ronald Hagen’s remaining assets and the probability of success against Ronald Hagen. Thus, the order of attachment against the property of and debts owed to Ronald Hagen is confirmed.
VII.
Notwithstanding the validity of an order of attachment, a levy thereunder is effective only if the order is served upon the garnishee in the same manner as a summons and the garnishee owes a debt to the defendant or is in custody or possession of property in which defendant has an interest. (CPLR 6214.) Eben Pyne and Edmund Pratt, appearing on behalf of the uninvolved limited partnerships, challenge the levy of defendant’s interests therein on both grounds. It appears that only H & A Corp. holds an interest in the uninvolved limited partnerships Saratoga Springs Associates, Cedarhurst Plaza Associates and 55th Avenue Associates. The attachment is vacated as to these partnerships.
The record is different as to the other uninvolved limited partnerships. It establishes that Ronald Hagen personally holds an interest in Calloway Associates, Terrarius Realty and Fanroy Associates. The effectiveness of the levy on these interests is challenged on two grounds. First, it is claimed that the interest of the defendant in the uninvolved partnerships is nonexistent by virtue of partnership claims against the defendant. Second, the limited partners contend that they are not proper persons to accept service óf an order of attachment because they, like shareholders óf a corporation, have no control over or possession of *991 partnership assets and they have no duty to inform the partnership of the attempted levy.
A general partner’s interest in a general or limited partnership is his share of the profits and surplus and it is personalty. (Partnership Law, §§52, 98, subd [1].) This interest is subject to attachment because it is freely assignable. (CPLR 5201, subd [b]; 6202; Partnership Law, § 53; Princeton Bank & Trust Co. v Berley, 57 AD2d 348, 355-356.) Since the interest includes the right to future profits and surplus and cannot be finally determined absent a restructuring or dissolution of the partnership (Partnership Law, §§ 105, 109; see Krellberg v Gregory, 31 Misc 2d 1093), claims of the partnership against a partner, at most, affect the value of that partner’s interest. (Partnership Law, § 112.) They are irrelevant to the effectiveness of the levy in reaching Ronald Hagen’s interest in these limited partnerships.
The second contention of the limited partners raises the. issue of whether the partnerships were properly notified of the attachment. The proper garnishee, where property consists of a right or interest in a partnership, is any partner other than the defendant, on behalf of the partnership. (CPLR 5201, subd [c], par 3; 6202.) A garnishee is a person who owes a debt to the defendant or a person other than the defendant who has property in his possession or custody in which the defendant has an interest. (CPLR 105, subd [i].) Service upon the garnishee is to be made in the same manner as a summons. (CPLR 6214.) Personal service upon a partnership may be made by personally serving one of the partners within the State. (CPLR 310.)
The Civil Practice Law and Rules does not distinguish between limited and general partnerships. This is not necessarily inadvertent because limited and general partnerships are identical forms of doing business except for distinctions between the rights and liabilities of limited and general partners. (Partnership Law, §§ 10, 90, 98, 99; see Rait v Jacobs Bros., 49 Misc 2d 903, 904.)
Attachment of a partner’s interest is intended to prevent the other partners from suffering any interference with that interest and to obtain a garnishee’s statement of the *992 amount and value of the interest (CPLR 6214, subd [b]; 6219.) That interest can be interfered with by a restructuring or dissolution of the partnership only with the participation of all the partners. (Partnership Law, § 98; Central Petroleum Corp. v Korman, 15 Misc 2d 245; see Blattberg v Weiss, 61 Misc 2d 564.) Further, a limited partner is authorized, in order to protect his own interest, to insure that the partnership does not make any wrongful distributions. (Partnership Law, § 105; see Matter of Whitley v Klauber, 51 NY2d 555; Executive Hotel Assoc. v Elm Hotel Corp., 41 Misc 2d 354, 358.) Although a limited partner cannot exercise control over partnership property (Partnership Law, §§96, 115), this levy does not attempt to reach partnership property. Since each limited and general partner has in his custody and possession the interest of all other partners, limited and general, and since each partner, limited or general, has the power to supply a garnishee’s statement (Partnership Law, §99, subd [1], par [b]), any partner is capable of fulfilling the requirements placed upon a garnishee.
The attachment of Ronald Hagen’s interest in the partnership will not affect the operations of the partnership, nor will it affect the interest of the other partners, without further court proceedings. (Partnership Law, § 54; see Krellberg v Gregory, 31 Misc 2d 1093, supra.) Due process does not require, therefore, that plaintiffs inform other limited and general partners of the attachment to make the attachment effective.
In what appears to be the only appellate decision on the subject, the Appellate Division, Third Department, has construed service of process upon a limited partner to be effective in obtaining jurisdiction over a limited partnership. (Micheli Contr. Corp. v Fairwood Assoc., 73 AD2d 774.) In that case, plaintiffs sought to foreclose mechanic’s liens against the partnership itself. The decision has even greater validity here where the attachment does not seek to reach partnership property, but merely seeks to prevent restructuring or dissolution of the partnership in disregard of plaintiffs’ rights to the defendant’s interest therein. Reasonably diligent research discloses no reported decision on the exact issue raised by the pleadings before this court.
*993 Additionally, the uninvolved partnerships in this case have only one general partner. If the CPLR were construed to permit service of process upon a general partner only, it would be virtually impossible to effect jurisdiction over such partnerships. CPLR 310 provides that “[pjersonal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them.” In the language of the court in Micheli (supra, p 775): “The term ‘partnership’, as is defined in subdivision 1 of section 10 of the Partnership Law, includes a limited partner. When the Legislature drafted CPLR 310 and opted to use the general term ‘partnership’, it is reasonable to infer that this included a limited partner.”
Accordingly, service of the order of attachment upon the limited partner, Eben Pyne, effectively attached Ronald Hagen’s interests in the uninvolved limited partnerships of which Mr. Pyne is a member.
VIII.
The application by the Sheriff of Nassau County for fees and poundage is denied without prejudice to renew upon proper papers, including evidence of the value of the property attached and of the expenses incurred. (Flack v State of New York, 95 NY 461.)
IX.
Plaintiffs’ motion to confirm the ord.er of attachment is granted against debts owed to Ronald Hagen and property held by garnishees in which Ronald Hagen has an interest and denied as against the defendants HE, Inc., and H & A Corp. Further, the application by Gary Lichtenstein for determination of an adverse claim is decided in accordance with the settlement submitted.