■ CHARLES F. GIBBS et al., Appellants, v BREED, ABBOTT & MORGAN, Respondent. [642 NYS2d 248] —Order, Supreme Court,

New York County (Herman Cahn, J.), entered on or about March 23, 1995, which denied plaintiffs' motion for leave to add as parties defendant all of the former individual partners of defendant law firm ("Breed Abbott") and its alleged successor in interest ("Whitman Breed") with leave to renew as to Whitman Breed, unanimously modified, on the law and the facts, to grant the motion as to Whitman Breed, and otherwise affirmed, without costs.

Under sections 12.5 and 12.12 of Breed Abbott's partnership agreement, withdrawing partners, such as plaintiffs, are entitled to unpaid net profits, paid-in capital contributions, and inventory interests; under section 15.1, these rights terminate upon termination and winding up of the firm, subject to section 15.2; and under section 15.2, these rights were to be protected upon the firm's merger with another firm but were to be the obligation of the firm or its successor and not that of any individual partner. Thus, under the clear terms of the agreement, the former individual partners of Breed Abbott cannot be held liable for payment of these entitlements. However, it is equally clear that if Whitman Breed qualifies as Breed Abbott's successor within the meaning of section 15.2, then that firm can be held liable for payment of these entitlements, and should be joined in the action. The IAS Court denied joinder without prejudice on the ground that plaintiffs' allegations of Breed Abbott's dissolution and transfer of its assets and business contained insufficient detail to show successorship within the meaning of the agreement, and that defendants were entitled to have the matter more clearly pleaded. We disagree. The proposed complaint against Whitman Breed is sufficient to establish a prima facie cause of action against it under the partnership agreement, and defendant did not demonstrate that its alleged lack of merit was clear and free from doubt (see, Daniels v Empire-Orr, Inc., 151 AD2d 370, 371). The proposed amended complaint is also sufficient to establish a prima facie cause of action for conversion as against Whitman Breed, as the recipient of allegedly tortious transfers of Breed Abbott's property (see, Pace v Perk, 81 AD2d 444, 454-455; Executive House Realty v Hagen, 108 Misc 2d 986, 989-990), but again insufficient as against the former individual partners of Breed Abbott (see, Pace v Perk, supra, at 452-453, quoting Dalury v Rezinas, 183 App Div 456, 460-461, affd 229 NY 513). Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ.