BENEFICIAL OHIO, INC., APPELLANT, *v.* ELLIS;
RUDLOFF, EXR., ET AL., APPELLEES.

[Cite as *Beneficial Ohio, Inc. v. Ellis,*
121 Ohio St.3d 89, 2009-Ohio-311.]

(No. 2007–1455—Submitted May 21, 2008—Decided February 3, 2009.)

PFEIFER, J.

{¶ 1} The question before us in this case is whether service upon one defendant in a multidefendant lawsuit is sufficient to consider the action "pending" for purposes of the doctrine of lis pendens, as codified in former R.C. 2703.26. We hold that pursuant to former R.C. 2703.26, once service has been made upon one defendant in a multidefendant lawsuit, the action is "pending" so as to charge third persons with notice of its pendency.

### Factual and Procedural Background

{¶ 2} Edna M. Jarman owned real property described as lots 54, 55, 56, 57, 58, and 61 of the Ira B. Mackey plat in Vienna Township. Some time before December 30, 1998, Jarman's son Dale Ellis asked Jarman to give him lot 61. After Jarman agreed, Ellis fraudulently had a quitclaim deed prepared that conveyed all six of the lots to him. Jarman executed that deed on December 30, 1998, and then Ellis recorded it.

{¶ 3} On or about January 19, 1999, Ellis mortgaged all the lots to Bank One for a loan of $25,500; that mortgage was recorded on February 8, 1999. On or about February 22, 2001, Ellis again mortgaged all the lots to Bank One for a loan of $45,000; that mortgage was recorded on March 7, 2001. In May 2001, Jarman discovered Ellis's fraud and filed a lawsuit in Trumbull County Court of Common Pleas requesting that the court set aside the fraudulently conveyed deeds to lots 54, 55, 56, 57, and 58, and that those lots be returned to her. She named both Ellis and Bank One as defendants. Bank One was served with the summons and complaint on June 4, 2001. Ellis was served on July 26, 2001.

{¶ 4} On or about July 24, 2001, prior to being served, Ellis obtained a loan from appellant, Beneficial Ohio, Inc. ("Beneficial"), again mortgaging all six lots. The loan was for $64,699.43, which Ellis used to pay off the Bank One mortgages. The Beneficial mortgage was recorded in the office of the Trumbull County Recorder on July 25, 2001.

{¶ 5} On October 26, 2001, a default judgment was entered against Ellis in Jarman's suit, setting aside the conveyance of lots 54, 55, 56, 57, and 58 to Ellis and restoring ownership of them to Jarman. The judgment entry was recorded in the Trumbull County Recorder's Office on November 6, 2001.

{¶ 6} Jarman died on September 20, 2003. Ellis defaulted on his mortgage with Beneficial, and on February 3, 2004, Beneficial filed the present foreclosure action, seeking to foreclose on the fraudulently conveyed lots owned by Jarman's estate, as well as on lot 61, owned by Ellis. On August 20, 2004, Beneficial amended its complaint to add Jarman's other children and heirs, Sandra and Robert Ellis, as new party defendants.

{¶ 7} Randil J. Rudloff answered the complaint as the executor of the estate, denying that Ellis had had any ownership interest in or right to mortgage the fraudulently conveyed lots.

{¶ 8} On July 19, 2004, Beneficial moved for summary judgment on the issue of the validity and priority of its liens on the property. Appellees, Rudloff and Sandra and Robert Ellis, opposed the motion and filed their own summary judgment motion on the grounds that Beneficial's mortgage on the fraudulently conveyed lots was invalid due to the doctrine of lis pendens. By that doctrine, generally, someone who acquires an interest in property that is the subject of litigation is as bound by the result of the litigation as if he had been a party to it himself.

{¶ 9} The trial court ruled in favor of Beneficial, holding that lis pendens was inapplicable:

{¶ 10} "[T]he lis pendens doctrine does not apply to invalidate a lien until the defendant from whom the lien holder acquired his interest in property receives service of process in an action. Since Beneficial's mortgage on the Property was recorded one day before Defendant, Dale Ellis received service of process in the *Jarman v. Ellis* case, lis pendens did not attach to Beneficial's lien."

{¶ 11} An appeal followed. The appellate court reversed the judgment of the trial court. The court held that pursuant to R.C. 2703.26, service of the complaint upon *either* defendant in Jarman's fraudulent-conveyance case—and in this case Bank One was served before Dale Ellis mortgaged the property to Beneficial—was sufficient to trigger lis pendens protections.

{¶ 12} Beneficial has appealed that ruling to this court. The cause is before this court upon the allowance of a discretionary appeal.

### Law and Analysis

{¶ 13} In addressing lis pendens in *Cook v. Mozer* (1923), 108 Ohio St. 30, 36, 140 N.E. 590, this court asked the question, "What is this doctrine?" The court's answer remains relevant to establish the common-law background of lis pendens, and we thus offer this refresher:

{¶ 14} " 'The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a *bona fide* purchaser and for a valuable consideration. While there is no doubt whether *lis pendens* has the effect of constructive notice, it is almost universally held that strictly speaking the doctrine of *lis pendens* is not founded upon notice but upon reasons of public policy founded upon necessity. For practical purposes, however, it is immaterial whether the doctrine of *lis pendens* be considered as based on constructive notice or on public policy. It has been said that it is essential to the existence of a valid and effective *lis pendens* that three elements be present: (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the *res;* and (3) the property or *res* involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.' " *Cook,* 108 Ohio St. at 36–37, 140 N.E. 590, quoting 25 Cyc. 1450.

{¶ 15} The doctrine of lis pendens was codified in Ohio in 1853, R.S. 5055, 52 Ohio Laws 69 (Section 78), and the version of the statute that was in effect at all pertinent times in this case, former R.C. 2703.26, distilled the doctrine into two simple sentences:

{¶ 16} "When summons has been served or publication made, the action is pending so as to charge third person [sic] with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against plaintiff's title." 1953 H.B. No. 1, effective October 1, 1953.

{¶ 17} Former R.C. 2307.26 determines the issue before us. The question is whether the action pending against Bank One regarding the Jarman property at

the time Ellis executed the mortgage with Beneficial operated to prevent Beneficial from acquiring an interest in the property against Jarman's title. Beneficial argues that since at the time of its transaction with Ellis there was no action pending against him, lis pendens does not affect its interest in the property. The appellees argue that if an action regarding the property at issue against any defendant was pending, then lis pendens did apply.

{¶ 18} Former R.C. 2703.26 did not directly address actions that included multiple defendants. The statute simply established that an action was pending for lis pendens purposes when "summons has been served." In this case, Bank One had received a summons prior to the time Ellis executed the mortgage with Beneficial. Summons had been served, and the action was thus pending. This is consistent with Civ.R. 3(A) which provides, "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon *a named defendant* * * *." (Emphasis added.) Civ.R. 3(A), notably, does not require *all* defendants to have been served for a civil action to be considered commenced. Pursuant to Civ.R. 3(A), a civil action involving the property at issue commenced upon the service of the summons on Bank One; pursuant to former R.C. 2703.26, an action involving the property was "pending" as of the date of that service.

{¶ 19} Former R.C. 2703.26's focus is on the *property* in question—rather than any particular defendant—and whether there is an action pending regarding that property. "[T]he Ohio lis pendens statute operates to provide constructive notice of the pendency of a suit concerning specifically described property and with it the knowledge, albeit deemed or imputed, of all claims against the property that might reasonably be discerned from an investigation into the circumstances of the litigation." *In re Periandri* (C.A.6, 2001), 266 B.R. 651, 656.

{¶ 20} Former R.C. 2703.26 imputes constructive notice to third persons who seek to acquire an interest in property, and by doing so, "the statute places the burden upon [them] to examine the county records to determine whether a lawsuit involving the property is pending." *Allen–Baker v. Shiffler* (1998), 99 Ohio Misc.2d 49, 54, 715 N.E.2d 1185.

{¶ 21} That a person who seeks to acquire an interest in property should bear the responsibility for checking county records seems best exemplified by the facts of this case. Could Beneficial have assumed that Ellis, the man who had swindled his widowed mother, would have alerted it that the property he was mortgaging was the subject of a lawsuit, had he been served two days sooner? No, Beneficial would have been best served to check courthouse records.

{¶ 22} Our decision today is limited because the statute has changed. The General Assembly, in the version of R.C. 2703.26 effective September 11, 2008, has completely removed the requirement of service of summons and has estab-

lished that the filing of a complaint creates a "pending" action for purposes of the doctrine of lis pendens:

{¶ 23} "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." R.C. 2703.26, 2008 Sub.H.B. No. 138, effective Sept. 11, 2008.

{¶ 24} The new statute continues Ohio's statutory lis pendens tradition: the existence of a complaint involving the subject *property* is the central concern. The General Assembly has removed the former requirement that service be made on any defendant. For purposes of former R.C. 2703.26, we conclude that service upon one defendant in a multidefendant claim involving property is sufficient to commence the action and is thus sufficient to consider the matter pending as of the date of that service.

{¶ 25} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and BOYLE, JJ., concur.

O'DONNELL, J., concurs separately.

MARY J. BOYLE, J., of the Eighth Appellate District, sitting for CUPP, J.

---

**O'DONNELL, J., concurring.**

{¶ 26} Ohio has codified the doctrine of lis pendens in R.C. 2703.26. The version of that statute applicable in this case provides: "When summons has been served or publication made, the action is pending so as to charge third person[s] with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." 1953 H.B. No. 1, effective October 1, 1953.

{¶ 27} The issue in this case is whether the statute applies in multiple-defendant situations when the defendant from whom the third party receives an interest has not yet been served but another defendant has. Beneficial urges that the statute does not apply because, although Bank One had been served in the initial action, the matter was not pending against Dale Ellis at the time Beneficial acquired its interest because he had not been served. The estate contends, to the contrary, that the statute requires only that a summons be served, not that a summons be served on a particular defendant. The estate argues that other jurisdictions faced with the same issue have found that service on any defendant is sufficient to invoke the doctrine.

{¶ 28} This court discussed the lis pendens doctrine in *Cook v. Mozer* (1923), 108 Ohio St. 30, 140 N.E. 590. The *Cook* court began by reciting the maxim that one who is not a party to a suit is not affected by the judgment. But it noted the exception for those persons "who acquir[e] an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired." Id. at 36, 140 N.E. 590. The doctrine, which has origins in the English courts of equity, "is not founded upon notice but upon reasons of public policy founded upon necessity." Id. at 37, 140 N.E. 590. Put differently, the doctrine's purpose is not to notify subsequent transferees, but instead to "preserv[e] the status quo of all conflicting rights and interests in the property in question until there is a final adjudication of the issues raised in the pending suit." Id. at 39, 140 N.E. 590.

{¶ 29} In *Cook,* we set forth three elements that must be present for the invocation of the doctrine: "(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings." Id. at 37, 140 N.E. 590. The first and third prongs of this test are established here. Thus, the issue is whether Edna Jarman, by obtaining service over Bank One in the 2001 action, satisfied the second prong. *Cook,* however, did not involve multiple defendants and is therefore of little guidance.

{¶ 30} As the Eleventh District noted in its opinion in this case, New York courts have held that "[s]ervice upon one defendant is sufficient to preserve a notice of pendency in a multi-defendant situation." *Micheli Contracting Corp. v. Fairwood Assoc.* (1979), 73 A.D.2d 774, 423 N.Y.S.2d 533; see also *Weiner v. MKVII–Westchester, L.L.C.* (2002), 292 A.D.2d 597, 600, 739 N.Y.S.2d 432 ("in multiple-defendant actions, timely service of the summons must be made on any one defendant that has an ownership interest in the real property that is the subject of the litigation and against which the notice of pendency was filed").

{¶ 31} In my view, New York has the correct approach. It is true that the trial court had not yet obtained jurisdiction over Dale at the time Beneficial acquired its interest. But it did have jurisdiction over Bank One, which had also obtained an interest secured by the lots in question. Since the doctrine is intended to preserve the status quo, I believe that it should apply once any party to a suit possessing an interest in the subject property is properly served with a summons.

{¶ 32} At least one policy reason counsels in favor of this approach. As an early treatise notes, "[I]f commencement of lis pendens were postponed * * * until after service, great opportunity would be afforded defendants to alienate the property which is the subject matter of the suit, before service." Bennett, A Treatise on the Law of Lis Pendens (1887), Section 65. Defendants like Dale

could purposely avoid service, alienate the property, and leave the complaining plaintiffs with no recourse.

{¶ 33} Accordingly, I concur with the majority that in multiple-defendant situations, former R.C. 2703.26 applied to all third persons when a plaintiff perfected service on any one of the defendants.

LUNDBERG STRATTON, J., concurs in the foregoing opinion

———————

Plunkett Cooney, Amelia A. Bower, and Theran J. Selph Sr.; and Shumaker, Loop & Kendrick, L.L.P., Neema M. Bell, and Dana R. Ewing, for appellant.

Guarnieri & Secrest, P.L.L., Randil J. Rudloff, and John M. Rossi, for appellees.