GEORGE G. BAKER *vs.* AMAZIAH MAYO.

Hampden. Sept. 29. — Oct. 21, 1880. COLT & MORTON, JJ., absent.

A partner who advances money for the use of his firm is entitled to interest upon it.

The fact that one partner deposits, in his own name, in a bank the funds of the firm and his own funds, and draws checks thereon in payment of his private debts and the firm debts, does not preclude a finding that he is entitled to interest on money advanced by him for the use of the firm, in the absence of evidence that the firm was injured by his manner of depositing money.

Under a general exception to a master's report to the allowance of interest, the excepting party is not entitled to object to the rate of interest allowed.

BILL IN EQUITY to settle the affairs of a partnership. The case was referred to a master, to whose report the plaintiff filed four exceptions, the first and second of which related to items which the plaintiff contended should be included in the principal sum found due, and the others related to the allowance of interest on money advanced by the defendant to the firm. At the

hearing, before *Soule*, J., the parties agreed that on a final decree the first and second exceptions might be considered as correctly taken; and the questions arising on the other exceptions were reserved for the consideration of the full court, and appear in the opinion.

*M. P. Knowlton*, for the plaintiff.

*G. M. Stearns*, for the defendant.

ENDICOTT, J. These parties were partners under an oral agreement, and, as such, entered into a contract to build a prison for the Commonwealth, the profits and loss of which undertaking they were to share equally. The master does not find the amount of capital which each was to contribute, or that there was any agreement on that subject; but he states that of the capital required for the business less than one thousand dollars was furnished by the plaintiff, and that all the other capital was furnished by the defendant. He also finds that the defendant advanced for the use of the firm $27,064, which was used by the firm for nearly three years. It does not appear that the defendant was under any obligation to furnish this sum, or that he did furnish it as capital to become the property of the firm. The master, therefore, might properly find that the firm was indebted to the defendant in this amount, as money advanced to and used by the firm; and that it was just and reasonable that the defendant should receive interest thereon in the settlement of the partnership accounts, although there was no special agreement between the partners on that subject. The evidence is not reported, and we cannot say that the master erred in thus deciding. While, as a general rule, a partner cannot withdraw his capital during the continuance of the firm, and cannot be allowed interest upon it in the absence of an agreement to that effect, yet there is no rule of law which precludes him from receiving interest on money advanced for the use of the firm.

It also appears that the business was mainly conducted by the defendant, and that the partnership funds were deposited in the bank in his name. The money received from the State, the sum of $27,064 advanced by him to the firm, and money for the payment of checks for his private debts were deposited together in the name of the defendant; and he drew on this deposit for the payment of partnership debts and for his private debts. It must

be presumed that this arrangement was with the knowledge and consent of the plaintiff; and it is not found by the master that the partnership was damaged thereby, or that the defendant used the partnership funds for his private purposes. He was not, therefore, required to find, on these facts, that any interest should be charged to the defendant on the partnership funds thus deposited in his name.

The plaintiff took no exception in terms to the rate of interest allowed by the master; and, under the exceptions actually taken, he is not entitled to object to the rate allowed.

The plaintiff's third and fourth exceptions must, therefore, be overruled, and a decree entered in accordance with the master's report, modified by the agreement of the parties in regard to the first and second exceptions. *Decree accordingly.*