JOSEPH S. BRADLEY *vs.* WILBUR F. BRIGHAM & others.

Middlesex.   Jan. 28. — Sept. 5, 1884.   DEVENS & C. ALLEN, JJ., absent.

A copartnership was formed between A., B., C., and D. under a verbal agreement, by which A. and B. were to furnish all the capital, the partners were to share equally the profits and losses, and interest was to be credited or charged to the partners respectively on the yearly balances due to or from them. A. and B. advanced all the money used in the business; interest was charged and allowed on the different balances until the dissolution of the copartnership; there were balances due to A. and B. for money paid in by them, and balances due from C. and D. for money drawn out by them in excess of their share of the profits and of the moneys paid in by A. and B.; annual balances were struck, the last one before the dissolution being the same as at the time of the dissolution; and C. and D. had the books in their keeping, and had full knowledge of their contents and the state of the accounts. *Held*, on a bill in equity for a settlement of the partnership account, that the parties intended that interest should continue on the balances until they were settled, without regard to the dissolution of the copartnership.

W. ALLEN, J. This is a bill in equity for the settlement of a partnership account. The statement of the account at the time of the dissolution of the partnership, on April 14, 1880, is found in the master's report, and is not excepted to. There were then balances due to the plaintiff and Francis Brigham (a partner, who has since deceased, and whose executor is made a party defendant), and from the other two defendants. The only question reserved is as to the interest to be credited and charged on the different accounts since the dissolution.

We think that the evidence shows an agreement that interest should be allowed and charged on the different balances, which was not limited to the continuance of the partnership. A promise to pay interest upon a balance continues, unless restricted in some way, until the balance is paid. An agreement to allow interest upon the capital of a partnership is *prima facie* limited, by its subject matter, to the continuance of the partnership, and ceases when, by the dissolution of the partnership, its capital is resolved, as to the partners, into their individual property, and a new relation and new indebtedness are substituted for those to which the agreement related. Whether an agreement to allow interest on balances to partners is to be treated as an agreement by the firm to pay interest on capital while used in the business, or as an arrangement between the partners to allow interest on advances until they are repaid, depends upon the intention of the parties, as manifested by the terms and circumstances of the agreement. See *Wood* v. *Scoles*, L. R. 1 Ch. 369; *Watney* v. *Wells*, L. R. 2 Ch. 250; *Barfield* v. *Loughborough*, L. R. 8 Ch. 1; *Baker* v. *Mayo*, 129 Mass. 517.

In the case at bar, there were no written articles of copartnership, and all that is stated of the verbal agreement is, that the plaintiff and Francis Brigham were to furnish all the capital, but it does not appear that the amount of the capital was fixed, or that they were under obligation to furnish any specified amount; that the partners were to share equally the profits and losses; and that interest was to be credited or charged the partners respectively on the yearly balances due to or from them. It is found, or inferred from facts found, that the plaintiff and Francis Brigham did advance all the money used in the business, and that interest was charged and allowed on the different

balances until the dissolution of the copartnership; that there were balances due to the plaintiff and Francis Brigham for money paid in by them, and balances due from the other partners for money drawn out by them, being, as the accounts indicate, in excess of their shares of the profits and of the moneys paid in by their partners; that annual balances were struck, the last one before the dissolution being on November 1, 1879, and that the balances were the same then as at the time of the dissolution, except the interest upon them; that the defendants had the books in their keeping, and had full knowledge of their contents, and of the state of the accounts.

The agreement must be taken to have been made in view of, and be construed by, the uniform practice of the parties under it; and, as applied to the actual facts in regard to the accounts, it must be inferred that the parties intended that interest should continue on the balances until they should be settled, without regard to the dissolution of the copartnership.

*Decree accordingly.*

*M. F. Dickinson, Jr., & H. R. Bailey,* for the plaintiff.
*W B. Gale & J. P. Gale,* for the defendants.