EUGENE C. KRAUS, Respondent, v. LEO KRAUS, Appellant, Impleaded with Another.

(Submitted November 23, 1928; decided December 31, 1928.)

*Carlos C. Alden* and *Robert L. Strebel* for appellant. The Appellate Division erred in refusing to allow the charge against Eugene Kraus for the reasonable rental value of the partnership premises used by him for his private business. (*Hiscock* v. *Phelps*, 49 N. Y. 97; *Fairchild* v. *Fairchild*, 64 N. Y. 471; *Legore* v. *Peacock*, 109 Ill. 94; *Freeman* v. *Freeman*, 136 Mass. 260; *Stoughton* v. *Lynch*, 2 Johns. Ch. 209.)

*George Clinton* for respondent. The parties upon dissolution were, in this case, tenants in common. (*Girard* on Real Prop. [6th ed.] 1926, § 752; *LaBaron* v. *Babcock*, 122 N. Y. 153; *Zapp* v. *Miller*, 109 N. Y. 51; *Adams* v.

*Bristol*, 126 App. Div. 660; *Gray* v. *Board of Supervisors*, 93 N. Y. 603; *Jacobs* v. *Morange*, 47 N. Y. 58.)

CARDOZO, Ch. J.   By an interlocutory judgment, the existence of a partnership has been established between the plaintiff, his father and a brother.   The father, directed to account, has been found by the final judgment to have overpaid the complaining son.   The balance in the father's favor is $5,033.17.   He filed a stipulation waiving an affirmative judgment with the result that none was rendered.   The Appellate Division held that two items, one for income taxes, $6,505.84, and the other for rental value of partnership land, $1,466.66, had been charged against the son in error.   Subtraction of these items would yield a balance the other way.

(1) Under both State and Federal law the income tax return by a member of a partnership should include his share of the partnership income, whether distributed or not (Tax Law [Cons. Laws, ch. 60], § 364; U. S. Code, title 26, § 1068–30).   The return by the partnership as such is one for information only (Tax Law, § 368; U. S. Code, title 26, § 1068–36).   The members of this partnership did not conform to that requirement.   The business was in the father's name.   To the world he was its owner, and so for many purposes he was treated by the sons.   In making his returns for taxes, he included the whole income of the business, and paid the tax accordingly.   By so doing, he paid nearly $13,000 in excess of the tax that would have been due if computed on his share alone. Under the ruling of the referee, one-half of this excess was charged against each of the two sons.

We think the charge was proper.   The plaintiff knew how the returns were made, and in substance, if not in form, approved them.   He was told by his brother, who made out the statements, that his father, reporting individually, would include the income of the firm, and

that the brothers might thus exclude it from their personal returns. The plaintiff acted on that advice, and made return accordingly. He omitted from his own return all mention of his interest in the income of the partnership, and reduced by so much the total of his yearly earnings. We think the substance of the transaction was a request by plaintiff to his father to assume the tax on the excess and lay it out for his account.

The argument is made that the effect of this allowance is to deprive the plaintiff of the benefit of exemptions and deductions that might conceivably have been his if the excess has been included in his own reports of income. He does not attempt to show to what extent, if at all, the result would thus be changed. He insists that the burden is on the defendant to prove the precise extent to which the payment by the partnership resulted to his benefit. We think his acquiescence bars him from limiting so narrowly the measure of the charge against him. If he believed that through the aid of exemptions or deductions he could reduce the tax upon his interest in the business, or wipe it out altogether, by making his own return, he should have sounded a timely warning against the method of return and payment in use with his assent. With full knowledge of the method, he told his father to go on. He will not now be heard to urge that the expense thereby incurred is not a charge upon his share.

(2) Land, bought with partnership money, was held during the life of the partnership for partnership use. After dissolution, the plaintiff and his brother, and later the plaintiff solely, used it for their own profit to the exclusion of the father. A charge against the plaintiff for an equitable share of the value thus appropriated, was allowed by the referee, and rejected on appeal.

We think the charge should be upheld. The plaintiff was not tenant in common with the defendants in the occupation of this land. If that had been the relation, the

rule might apply that between one tenant in common and another an accounting is not due for the fruits of occupation in the absence of ouster or a claim of hostile right (*LeBarron* v. *Babcock*, 122 N. Y. 153). The plaintiff was not tenant in common, but " tenant in partnership " (Partnership Law [Cons. Laws, ch. 39], § 51). The incidents of this tenancy are stated in the statutes. " The incidents of this tenancy are such that  *  *  *  a partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners." The plaintiff did possess the partnership property for purposes not partnership without the consent of his partner, the appellant. He is accountable like any stranger for the value of the usufruct thus wrongfully engrossed (*Legore* v. *Peacock*, 109 Ill. 94). A different question would be here if the plaintiff had held possession after the partnership had been wound up, and the equities between the partners adjusted and satisfied. Then, but not till then, the tenancy might cease to be a tenancy in partnership, and take to itself the quality of a tenancy in common (*Darrow* v. *Calkins*, 154 N. Y. 503, 514). The equities between the partners had not been satisfied or adjusted when the plaintiff used the land for the transaction of his private business. They have not been satisfied even now, for a balance owing to the appellant is even now unpaid. We think the plaintiff was a trustee for the partnership while in occupation of the property, and that he is chargeable accordingly.

(3) Argument is made that the order of the Appellate Division may be upheld if right in its result, though erroneous in the grounds assigned (*Foster* v. *Bookwalter*, 152 N. Y. 166, 168; *Mackay* v. *Lewis*, 73 N. Y. 382).

Chief among the items thus subjected to our scrutiny

is one of interest credited to appellant upon the amount of his advances.

The capital of the business was $6,000, made up of equal contributions of $2,000 by each of the three partners. The whole amount was used in payment for land and building. Continuously, through all the years of the partnership life, the father made payments of money, averaging not less than $30,000, though at intervals much higher, to keep the business going. We think the inference was fairly drawn that these payments were not contributions to the capital, already established by agreement, but loans or advances, upon which interest is allowable (*Rodgers* v. *Clement*, 162 N. Y. 422, 426; *Baker* v. *Mayo*, 129 Mass. 517; *Mack* v. *Engel*, 165 Mich. 540; Pollock, Partnership, p. 143).

Credit is due, and upon like grounds, for the rental value of the barn, and for interest on the value of partnership equipment.

A few credits are more doubtful. We do not go into them now, for if struck from the account, they would not vary the result. The balance, even then, would be adverse to the plaintiff. Whether more or less is unimportant, since the defendant has renounced the benefit of a judgment in his favor.

The order of the Appellate Division should be reversed, and the judgment of the referee affirmed, with costs in this court and in the Appellate Division.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.