JAMES R. PIERCE, Respondent, v. EDWARD K. FENNO, Appellant, Impleaded with FRED M. WEBSTER, Respondent.

Fourth Department, January 8, 1930.

*B. E. Shove*, for the appellant.

*Albert H. Clark* and *John C. Boland*, for the respondents.

TAYLOR, J. We enter upon consideration of this appeal with certain questions determined under a judgment of this court (*Pierce* v. *Fenno*, 206 App. Div. 649), which affirmed an interlocutory judgment. It has been adjudicated that there was a partnership; that it ceased functioning May 26, 1919; that there has been no final settlement of accounts or statement of debits and credits; and that since the date of dissolution defendant Fenno has had personal and exclusive possession of certain real and personal property belonging to the partnership. These findings are fortified by the final judgment now under appeal and its basic findings.

This action is for a partnership accounting. In reviewing the judgment now before us, it is mainly a matter of passing upon weight of evidence. The evidence is presented by testimony of witnesses and through books, papers and documents. One exhibit of importance is a so-called ledger, Exhibit 19. Each contract or job is separately listed in it. In the right-hand columns are entered " credits," manifested by checks received in payment for labor, materials and sundry expenses; and in the left-hand, or " debit," columns are entered charges against each contract for payrolls, materials and miscellaneous expenses.

The general subject of admissibility and effect in evidence of partnership books of account in an action for an accounting has been discussed in the case of *Cheever* v. *Lamar* (19 Hun, 130), and the rules there laid down have met with much respectable approval. Such books are admissible in evidence, both for and against partners, as bearing upon items of receipts and expenditures. They are said to be *prima facie* evidence of the correctness of the entries in them; but they are subject to the right of any partner to show mistake or fraud in the entries. Their value and force naturally depend upon the extent of the access to them of the various

partners, and the acquiescence of the partners in the manner in which the books are kept. In the instant case, from the testimony of the bookkeeper, Mrs. Martlew, who was mainly under the control of defendant Fenno, and from other testimony in the record, it is apparent that the entries in the left-hand columns of Exhibit 19 were records of charges; but it is also clear that they were not complete or accurate records as to payments upon accounts. The result is that the ledger as a whole is not of great persuasion as *prima facie* evidence from which profits can be ascertained. Whatever may be the status of the ledger as such evidence, we find that its effect has been overcome by other evidence sufficiently to authorize the findings of the learned referee of which we approve, and the modified findings and conclusions to which we shall presently allude.

In the main, we ratify the findings and conclusions of the learned referee. However, in addition to inconsequential corrections of findings, the following modifications should be made, which are warranted in each instance by a fair preponderance of the evidence:

(1) In finding of fact No. 25, defendant Fenno should be allowed the $97.20, hotel expenses, as well as the $210 car fare.

(2) In finding of fact No. 51, check No. 7293, for $500, date July 26, 1918, has been omitted from the list, and defendant Fenno should have additional credit for that amount.

(3) In finding of fact No. 53 are included United States government checks to defendant Fenno for $1,100, paid to him by government officials for use of a Haynes automobile, which was the property, not of the firm, but of Mr. Fenno. This item of $1,100 should be deducted from the receipts charged against Mr. Fenno in this finding.

(4) The referee erred in disposing of the so-called " E. K. Fenno " items. Defendant Fenno is charged with moneys received by him for materials in stock belonging to the partnership and taken and furnished by Fenno in carrying out various contracts. If this charge is made, defendant Fenno should also be credited with these items, for this reason: When such materials were taken from partnership stock, the partnership assets were depleted in the amount of the value of the materials, and a bookkeeping credit in favor of the partnership should have been entered. Defendant Fenno did not take these materials for his own use, but delivered them to partnership contractees. Fenno received the money for the materials and has been charged with it. When the charge was made the partnership assets were increased by the amount charged, and a bookkeeping debit should have been entered against

the partnership. The debits have been entered, but not the credits. Thus the learned referee erred. These items aggregate $3,818.50, and are listed on pages 49 and 50 of appellant's printed brief on this appeal. Since the aggregate partnership assets, as found by the referee, include this sum of $3,818.50, it should be deducted. This correction is made in modified findings of fact Nos. 47 and 71.

(5) In finding of fact No. 72, listed and totaled liabilities and expenditures of the partnership, the referee has not included:

| | | |
|---|---|---|
| A Leroy insurance bill | $41 | 25 |
| Expenses | 803 | 26 |
| | $844 | 51 |

Another finding, No. 70, and with it conclusion of law No. 5, require separate discussion. The copartnership owned certain real estate in the city of Syracuse. The finding that since the copartnership went out of business May 26, 1919, Mr. Fenno has had exclusive personal control and use of this real property, meets with our approval. He has paid taxes and some mortgage interest and has made certain necessary repairs, but has been charged with no rental. As to this property, defendant Fenno is not a tenant in common, as the learned referee has·found, bound to pay taxes, mortgage interest and for repairs, and not chargeable with rent. (*Clute* v. *Clute*, 197 N. Y. 439.) The partnership not having been wound up, defendant Fenno is a tenant " in partnership," accountable to the partnership as a trustee, accountable like any stranger for two-thirds of the value of the use of the property wrongfully engrossed, and entitled to credit for two-thirds of his expenditures mentioned. (*Kraus* v. *Kraus*, 250 N. Y. 63, 67.) Mr. Fenno should be credited with two-thirds of these expenditures, aggregating $5,339. He would be charged with two-thirds of the rental value of the real property since May 26, 1919, if there were proof of rental value. But respondents furnished no such proof, so we cannot make the charge. This correction also appears in modified finding No. 71.

We approve of the conclusion of the referee as to the allowance of interest upon amounts due to the three parties. As to the irreconcilability of the two provisions in the interlocutory judgment with reference to costs, we regard them as unimportant. The first provision evidently had reference to the coming accounting, and costs were mentioned only as bearing upon net profits to be determined and divided later. If it be necessary to so hold, we hold that the latter provision replaces the former, and that the

provision in the final judgment as to costs, which conforms with the latter provision of the interlocutory judgment, should stand.

Under the result we have reached, many findings and conclusions, and the final judgment appealed from, should be modified.

Otherwise than as above indicated, the judgment appealed from should be affirmed, without costs of this appeal to any party.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed, and new findings and conclusions made.