In an action for the partition of real property, certain defendants appeal from the interlocutory and final judgments, directing partition, and from intermediate orders confirming a report and supplemental report of commissioners appointed by the interlocutory judgment. Final judgment reversed on the law and the facts, with one bill of costs, and the complaint dismissed on the law, with one bill of costs. Appeal from interlocutory judgment and intermediate orders dismissed, without costs. Respondents derived, from Joseph and Harry Altman, their record title to their interests in the real property involved herein. It was the intent of David, Joseph, Nathan, Harry and Sam Altman, the original owners of such real property, as evidenced by the agreement of May 18, 1932 (defendants’ Exhibit B), that the real property, or the interest f of the parties therein, should thereafter be held, as it theretofore had been held, as a partnership asset, to be applied, together with the other assets of the partnership, to the payment of partnership debts, and any balance found to be due from one partner to another on the winding up of the partnership affairs. To the extent necessary for such purposes, at least, the character of the property is deemed to be changed into personalty. (Barrow v. Calkins, 154 N. Y. -503; Greenwood v. Marvin, 111 N. Y. 423; Partnership Law, § 52.) Respondents’ predecessors (Joseph Altman and Harry Altman) became, as to such property interests, tenants in partnership and as an incident of this tenancy, their right in the partnership property was not assignable except in connection with the assignment of the rights of all the partners in the same property. (Partnership Law, § 51; cf. Kraus v. Kraus, 250 N. Y. 63.) Under the circumstances disclosed' by the record, the conveyances and assignments by Joseph and Harry Altman to respondents, who had notice of the partnership agreement, were ineffectual to dissolve the tenancy, and respondents did not thereby become tenants in common with appellants, and were in no position to compel partition as against them. (Menagh v. Whitwell, 52 N. Y. 146; Wood v. American Fire Ins. Go., 149 N. Y. 382; Partnership Law, §§ 52, 53.) Moreover, respondents • are in no better position to maintain an action for partition than their grantors would have- been had the property interests remained in their hands. Equity will not award partition at the suit of one in violation of his own agreement, or in violation of restrictions imposed on the estate by one through whom he claims. (Chew v. Sheldon, 214 N. Y. 344.) Lewis., P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.