■ ANNE SMITH, Respondent, v HOWARD SMITH, Appellant.—In an action for divorce, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County, dated December 11, 1975, as, after a nonjury trial, (1) awarded alimony and child support in the total amount of $300 per week, (2) awarded plaintiff a counsel fee in the amount of $3,500 and (3) upon determining that he owns a one-half interest in a partnership, sequestered certain property belonging to the partnership and made other provisions with respect thereto. Judgment modified, on the law, by deleting therefrom the decretal paragraphs numbered (7), (8) and (9). As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In providing for the continued support of the plaintiff, the trial court determined that the defendant possesses a one-half interest in a partnership, provided for the sequestration of certain partnership property, appointed the plaintiff receiver thereof and directed that if and when such property is sold, one half of the proceeds of the sale is to be turned over to the plaintiff, to be held by her as receiver in a security account to ensure future alimony payments. This was error. First, defendant's partner was not a party to this action and, accordingly, the trial court was without authority to determine the relationship existing between the defendant and his partner; second, specific partnership property may not be the subject of attachment by a personal creditor of a partner (Partnership Law, § 51, subd 2); and third, it is our opinion that there was no basis or authorization for such sequestration in this matter (see Domestic Relations Law, § 233). We have reviewed the record and find that the trial court's awards of alimony, child support and counsel fees are supported thereby. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.