**In the Matter of MINTON GROUP, INC., Debtor.**

**Sidney TURNER, as Trustee of Minton Group, Inc., Appellant,**

**v.**

**David M. LEE and Paul Barrett, Appellees.**

**83 Civ. 1789–CSH.**

United States District Court, S.D. New York.

Jan. 29, 1985.

---

Sidney Turner, White Plains, N.Y., for appellant.

Reich & Reich, White Plains, N.Y., for appellees.

### MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge.

This is an appeal from a February 14, 1983 order of Bankruptcy Judge Howard Schwartzberg, entered pursuant to a February 7, 1983 decision, which dismissed an adversary action brought by the trustee in bankruptcy of Minton Group, Inc. against David M. Lee and Paul Barrett. 27 B.R. 385. The action sought to avoid the perfection by Lee and Barrett of a mortgage on real property owned by a limited partnership called Rochelle Terrace Associates.

The facts are related in detail in Judge Schwartzberg's February 7 decision. Briefly, Minton Group, debtor in the bankruptcy proceedings, was the general partner in Rochelle Terrace Associates, owning a 25% equity interest. In late 1981, prior to Minton Group's bankruptcy, Rochelle Terrace acquired real property. As part of the purchase price Rochelle Terrace gave a mortgage to Lee and Barrett, who were

principals of the corporate seller of the property. For reasons unexplained, neither Rochelle Terrace's deed to the property nor its mortgage to Lee and Barrett was recorded until late 1982, approximately one month after the initiation of these bankruptcy proceedings. Minton Group's trustee brought this adversary action to avoid perfection of the tardily recorded mortgage.

The trustee argued to the bankruptcy judge and argues here that it could avoid the recording of the mortgage under 11 U.S.C. §§ 544 and 549. Section 544 implements the so-called "strong arm powers" of the trustee by empowering the trustee to avoid various pre-filing transfers of debtor property and obligations incurred by the debtor. Section 549 permits avoidance of post-petition transfers of property of the debtor's estate. The trustee also argued and argues that 11 U.S.C. § 362, the "automatic stay" provision of the Bankruptcy Code, prohibited the perfection of the mortgage by staying the perfection of liens such as the mortgage against property of the debtor's estate.

All of these Code provisions authorize the trustee to act in connection with transfers or liens affecting property of the debtor or the debtor's estate.[1] Rochelle Terrace was the owner and mortgagor of the property in question. Minton Group, the debtor, was not. It was merely one partner, albeit the general partner, in Rochelle Terrace. Judge Schwartzberg ruled that for this reason, among others, Minton Group's trustee could not exercise § 544 strong-arm powers on behalf of the property. He also held that § 549 was inapplicable because, regardless of Minton Group's interest in the property, the transfer occurred long before the filing of the petition of bankruptcy, taking it outside the reach of a statute governing post-petition transfers. Judge Schwartzberg did not render a clear ruling on the applicability of § 362,

---

**1.** The provision of § 544 on which the trustee relies permits him to avoid "any transfer of property of the debtor or any obligation incurred by the debtor...." 11 U.S.C. § 544(a). Because the debt here challenged was incurred by the transfer of property, the trustee's power to reach the debt extends no further than his power to reach the transfer of property. Both § 362(a)(4), which stays perfection of liens, and § 549 expressly apply only to, respectively, liens against and transfers of "property of the [debtor's] estate."

perhaps because the brief submitted to him by the trustee argued this point in very obscure terms. Indeed, I recognize the argument in that brief only because I have the benefit of the trustee's current, slightly more pointed papers. Nevertheless, the issue was raised clearly enough to preserve it for appeal.

■ Regarding the bankruptcy judge's ruling on the applicability of § 549, the trustee's argument on appeal consists of the unsupported, one-line contention that "[p]erfecting of a lien by recording of a mortgage is a transfer of estate property." Appellee's Brief, at 14. I do not consider mere contradiction of the judge's reasoned conclusion of law to be sufficient to set the matter at issue for purposes of appeal. I affirm this ruling as essentially unchallenged.

The initial question—which I find dispositive—is whether a debtor's interest in real property owned by a limited partnership of which the debtor is the general partner is sufficient to qualify the property as "property of the debtor" for purposes of § 544 or "property of the estate" for purposes of § 362(a)(4). Analysis of this question reveals two separate issues: 1) the nature of the property interest of a general partner in the property of the partnership, and 2) whether this type of interest qualifies the property as "property of the debtor."

The trustee notes that the general partner's bankruptcy caused the dissolution of the partnership and argues that upon dissolution ownership of the partnership's property vested pro rata in the hands of the partners. Appellees do not disagree as to the fact of dissolution but do dispute its consequences. They argue that before and after dissolution the property was owned solely by the partnership. The partners, it is argued, had no interest in the property but only an interest in the partnership. Both views are incorrect.

■ New York partnership law dictates that upon the bankruptcy of any partner, a partnership dissolves. N.Y. Partnership L. § 62(5).[2] However, dissolution does not terminate the partnership; dissolution must be distinguished from "winding up," which, by settling the equities among partners, does extinguish the entity. N.Y. Partnership L. §§ 60, 61; *Kraus v. Kraus,* 250 N.Y. 63, 67, 164 N.E. 743 (1928). Therefore, dissolution does not immediately change the nature of the property interest of the partners in partnership property.

■ The interest of partners in "specific property" of the partnership, a category which includes the type of real property at issue here, is a statutorily-defined interest referred to as a tenancy in partnership. N.Y. Partnership L. § 51(1). Contrary to appellees' assertion, this is not equivalent to a tenancy in common, although the tenancy in partnership is converted to a tenancy in common once the partnership winds up. *Kraus v. Kraus, supra,* 250 N.Y. at 67, 164 N.E. 743; *Ganiaris v. Gonzalez,* 26 A.D.2d 534, 271 N.Y.S.2d 383 (1966). In contrast to the full possessory rights of a tenant in common, the rights of a tenant in partnership are quite limited. Without the consent of all partners, a partner has no right to possess partnership property for any purpose other than those of the partnership. N.Y. Partnership L. § 51(2)(a). Perhaps more important in this context, a partner's interest in partnership property is not subject to attachment or execution except to satisfy a claim against the partnership. Creditors of the partner cannot reach it. N.Y. Partnership L. § 51(2)(c); *Smith v. Smith,* 65 A.D.2d 757, 409 N.Y.S.2d 764, 765 (1978). Further, the interest may not be assigned by the partner individually. N.Y. Partnership L. § 51(2)(b). In other words, the interest grants no individually exercisable rights to the partner. Thus it is said that "a partner has no personal right in any specific partnership property . . . and any real estate which the

---

**2.** As Judge Schwartzberg noted, New York partnership law applies to both limited and general partnerships. The two ". . . are identical forms of doing business except for distinctions between the rights and liabilities of limited and general partners." *Executive House Realty v. Hagen,* 108 Misc.2d 986, 438 N.Y.S.2d 174, 179 (Sup.Ct.1981).

partnership owns is considered personalty." *La Russo v. Paladino*, 109 N.Y.S.2d 627, 630 (Sup.Ct.1951), *aff'd.*, 280 App.Div. 988, 116 N.Y.S.2d 617 (1952).[3]

Thus it cannot be said that Minton Group had no property interest in the real estate of Rochelle Terrace. The issue on appeal, however, is whether this limited property interest is sufficient to qualify the property as "property of the debtor" or its "estate" for purposes of §§ 544 and 362. Under § 70(a)(5) of the former Bankruptcy Act, whether an interest in land was within the debtor's estate was determined by whether it was alienable and subject to levy by the debtor's creditors. *See, Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 514, 15 L.Ed.2d 428 (1966). Under this definition the interest at issue here would plainly not be property of the estate, for as noted above it was neither assignable nor subject to execution. The new Code, however, has thrown out these restrictions. *See, In re Goff*, 706 F.2d 574, 578 (5th Cir.1983); *In re Ryerson*, 739 F.2d 1423, 1425 (9th Cir. 1984). The debtor's estate now includes "all legal and equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). The interest in property at issue here would thus seem to be clearly within the estate of the debtor, for, however circumscribed, it is a legal interest in property.

■ This does not yet answer the question posed above. The determination that this particular interest in property is within the debtor's estate does not necessarily bring the real property itself within the estate. There is a distinction between owning an interest in land and owning the land itself. Useful in this regard is the distinction drawn in the Restatement of Property between an "interest" and "complete property." An "interest" is defined as a right,

privilege, or power, or a group of such rights, privileges or powers, regarding land. Restatement of Property § 5 (1936). Plainly there are a large number of interests which may simultaneously be possessed with regard to any piece of land. "Complete property" is the *totality* of interests which it is legally possible to have in a given piece of land. Restatement, § 5e. "Ownership" of a thing is possession of complete property in it. Restatement, § 10b. With these concepts in mind, it can be seen that while Minton Group "owned" a particular, circumscribed interest in Rochelle Terrace's property, it did not own the property. Only the partnership as a whole exercised complete control over the property; only it "owned" the property. Because Minton Group exercised too few rights in regard to the land to qualify it as Minton Group's property, the trustee has no power to reach transactions involving the land, nor does the automatic stay reach it. In order to bring the land itself within the reach of either § 362 or § 544, the debtor must be able to exercise a greater degree of control over the land than is given by the limited power granted by a tenancy in partnership—sufficient control so that the land itself is "of" the debtor or its estate.[4]

■ In support of his contrary position, the trustee cites *In re Imperial "400" National, Inc.*, 429 F.2d 671 (3d Cir.1970) and *In re Elemar Associates*, 3 B.D.C. 958 (Bankr.S.D.N.Y.1977). In *"400"*, the Third Circuit considered whether a debtor partner's interest in the partnership (as opposed to the partnership's property) was "property" under § 70(a)(5), holding that it was. There are significant differences between that case and this. First, as indicated, the court was concerned with the whole of the partner's interest in the partnership, not just its interest in the partner-

---

**3.** It is conceivable that Minton Group's interest in the property could have been extended beyond these boundaries by the partnership agreement. Appellant, however, does not argue this to be the case, and I assume from his silence that the agreement did not alter the statutorily granted powers.

**4.** As the Restatement itself noted, the bundle of rights possession of which will qualify an individual as an "owner" of land varies; it "is not a matter upon which any precise rule can be laid down." Restatement, § 10c. I do not intend by this holding to imply that § 362 and § 544 require possession of any specific rights. I simply hold that the rights possessed by Minton Group are not sufficient.

ship's property. The debtor, of course, exercised complete control over its share in the partnership. Its interest was not limited. This is underscored by the fact that under the partnership agreement the partners held their interests in the partnership as tenants in common. 429 F.2d at 674. Thus, the debtor had "an unrestricted right to transfer its interest." 429 F.2d at 678. In contrast, a tenancy in partnership is not freely alienable. Unlike a tenant in common, a tenant in partnership may not call for partition and sale. *Altman v. Altman,* 271 App.Div. 884, 67 N.Y.S.2d 119, 121 (1946), *aff'd.,* 297 N.Y. 973, 80 N.E.2d 359 (1948). Because the property interest involved in *"400"* is significantly different from the one at issue here, *"400"* is not controlling.

In *Elemar Associates,* Judge Babitt considered whether the assets of a partner in a debtor partnership were so closely allied with the assets of the partnership as to prevent a joint creditor of the partner and the partnership from proceeding against assets of the partner to satisfy the joint debt. This case, too, is readily distinguishable. In *Elemar,* it was the partnership, not the partner, which was bankrupt. Because of the unlimited liability of the partner, his assets were potentially available to satisfy the partnership's debt. To permit a joint creditor of the partner and partnership to move against the partner's assets would in effect have permitted the creditor to circumvent the distribution of the debtor's assets undertaken in Bankruptcy Court, for that creditor would have unrestricted access to assets which were potentially available for distribution to all of the partnership's creditors. Here no such problem arises. Appellees are not creditors of the debtor but of Rochelle Terrace. Creditors of the debtor have no claim on the assets of Rochelle Terrace beyond their claim on Minton Group's partnership interest—which is by definition calculated only after Rochelle Terrace has satisfied its debt to appellees. N.Y. Partnership L. § 52. Because appellees' claims to assets of Rochelle Terrace are necessarily "superior" to any claims of Minton Group's creditors, to permit them to record their mortgage

against Rochelle Terrace's asset will give them no unfair advantage over creditors of the bankrupt. The concerns of *Elemar* do not arise.

The limited case law available supports Judge Schwartzberg's decision. Almost on point is *In re Panitz & Co.,* 270 F.Supp. 448 (D.Md.), *aff'd. sub nom. Hammerman v. Arlington Federal Savings & Loan Assoc.,* 385 F.2d 835 (4th Cir.1967). The district court there declared that the interest of a limited partner in property owned by the limited partnership is not "property" for purposes of § 70a(5) of the old Bankruptcy Act. In so holding the court noted that under Maryland law the limited partner could not transfer the underlying property. Nor was the property subject to seizure by the partner's creditors. 270 F.Supp. at 453. Because it applied the old Act, *Panitz* cannot be followed blindly. More recently, in *In re Venture Properties, Inc.,* 37 B.R. 175 (Bankr.D.N.H.1984), it was held that a debtor general partner's interest in real property owned by the partnership was not "property of the estate" for purposes of § 541. The court noted that the debtor's general partner status gave it "reason to be concerned" about the property's disposition, "but this 'interest' does not amount to a 'legal or equitable interest in property' within the meaning of § 541...." 37 B.R. at 176. My reasoning leads me to a conclusion similar to those reached in *Panitz* and *Venture Properties.* The interest under New York law of a general partner in property of the partnership is not sufficient to cause the property to be classified as property of the debtor or its estate for purposes of 11 U.S.C. §§ 544 and 362. Thus the trustee had no power to avoid perfection of liens affecting the property under § 544, nor would the automatic stay of § 362 have affected the perfection.

Judge Schwartzberg's order is affirmed. The appeal is dismissed.

It is SO ORDERED.