**In re Ronald D. JOHNSON, Debtor.**

**Ronald Dennis JOHNSON, Plaintiff,**

v.

**INVESTMENT LEASING, INC. and Vicki S. Porter, Trustee, Defendants.**

**Bankruptcy No. 85 J 0243.**

United States District Court, D. Colorado.

July 24, 1985.

Stephen J. Timm, Aurora, Colorado, for Ronald Johnson, plaintiff.

Gregory S. Bell, Fort Collins, Colorado, for Investment Leasing, defendant.

## MEMORANDUM OPINION & ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for trial on Debtor/Plaintiff's Complaint to Recover Property of the Estate. The relevant facts are undisputed.

On August 4, 1982, Mr. Johnson and Mr. Yattaw formed a partnership known as Electrical Sales of Colorado. Investment Leasing ("Defendant") was a creditor of Electrical Sales. On December 2, 1983, the partnership was dissolved. At the time of dissolution, Yattaw and Johnson agreed between themselves, that Johnson, individually, would be entitled to receive the commissions of certain partnership accounts, specifically the Raco account. Johnson does not dispute the fact that the accounts receivable due the partnership by Raco were earned by the partnership prior to dissolution and were not earned by Johnson personally.

On January 6, 1984, Defendant filed suit in state court against the partnership and against Yattaw and Johnson, as individual partners to collect the debt owed to it by Electrical Sales. On January 6, 1984, a prejudgment writ of attachment was issued, resulting in the attachment of $10,-209.00 in accounts receivable of Electrical Sales. This amount directly relates to the commissions earned by the partnership from the Raco account and was promptly paid into the registry of the District Court in Jefferson County.

Johnson was dismissed from the suit before service of process. Yattaw entered into a stipulation with Defendant on December 26, 1984, whereby Yattaw was dismissed with prejudice and judgment would enter against the former partnership in the amount of $13,500.00. An Order for Entry of Judgment and Release of Funds (obtained as the result of the pre-judgment writ of attachment) was entered on said date.

Johnson filed his petition in bankruptcy on March 15, 1984, and now brings this action to recover the $10,209.00 which was held in the registry of the Court and subsequently paid over to Defendant. Debtor alleges that the agreement between himself and Yattaw overrides Defendant's right to these funds as a creditor of the former partnership.

The assets Debtor seeks to bring into his estate are assets in which he could not and did not acquire any interest in. Debtor was a general partner of Electrical Sales. The Uniform Partnership Act, as enacted in Colorado, specifically defines the interest of a partner in partnership property. C.R.S. § 7–60–126 (1973) provides "A partner's interest in the partnership is his share of the profits and surplus and the same is personal property." There is no evidence that the Raco account commissions were or were not profits or surplus of Electrical Sales. Thus, this Court cannot find that Debtor had any interest in these assets. Even if the funds were profits or surplus, the rights of Defendant are superior to those of Debtor. C.R.S. § 7–60–140(1)(b) sets forth the rules for distribution of partnership assets and ranks the payment of liabilities of a partnership upon dissolution. "The liabilities of the partnership shall rank in order of payment as follows: (I) those owing to creditors other than a partner; (II) those owing to part-

ners ..." The Raco accounts receivables were funds owing to the partnership at the time of dissolution and must be applied to the partnership liabilities in accordance with state law. Defendant is clearly entitled to first priority on distribution.

The introductory language to C.R.S. § 7–60–140 (1973) states: "In settling accounts between the partners after dissolution the following rules shall be observed, subject to any agreement to the contrary." The agreement between Yattaw and Johnson was binding as between themselves, as partners. However, the agreement is not binding upon creditors of the partnership, who under state law are entitled to priority distribution upon dissolution of the partnership.

The simple fact is that Defendant obtained payment of its debt owed by Electrical Sales from the assets of Electrical Sales. State law specifically provides that partner's rights in partnership property are not superior to the rights of partnership creditors. Until the creditors of the partnership are satisfied, each partner has no right to any distribution from the partnership. It was determined in a valid state court proceeding, that Investment Leasing was a creditor of Electrical Sales. Thus, Debtor had no interest in the Raco commissions which could possibly have been transferred to his bankruptcy estate.

Defendant further alleges that Debtor has no standing to bring this action. 11 U.S.C. § 549 provides "[T]he trustee may avoid a transfer of property of the estate—(1) made after the commencement of the case ..." Debtor asserts that he informed the Trustee of the existence of the accounts receivable at the § 341 meeting. The Trustee took no action to recover the commissions as property of the estate. The statutory language does not specifically deny Debtor standing to bring such an action. The Debtor is a party in interest and attempted to collect estate assets for the benefit of both the estate and creditors. The Court finds that Debtor has sufficient Standing to bring this action. It is, therefore,

ORDERED that Debtor's Complaint to Recover Property of the Estate is dismissed, each party to bear its own costs.