**In re Dedrick C. DODDY, Debtor.**

**Bankruptcy No. 93–14963.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 7, 1994.

Terry Pansiera, Cincinnati, OH, for debtor.

Margaret Burks, Chapter 13 Trustee, Cincinnati, OH.

## ORDER SUSTAINING OBJECTION TO CONFIRMATION

BURTON PERLMAN, Chief Judge.

At Cincinnati, in said District, on February 7, 1994.

In this Chapter 13 case, trustee objected to confirmation of the Chapter 13 plan on the basis that the plan failed to include certain property of the debtor's estate in its liquidation analysis, to determine whether the plan is in the best interests of creditors under § 1325(a)(4) of the Bankruptcy Code.

The case came on for confirmation hearing before the court.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(L).

The following facts are undisputed. In 1984, debtor acquired a one-third partnership interest in MOD & Associates, a partnership formed under Ohio law. The partnership was formed for the purpose of engaging in the rental of residential properties. Pursuant to this objective, the partnership obtained three rental properties, two by deed and one by land contract. Titles to the three properties were issued in the name of the partnership. Although the partners decided to dissolve the partnership, the property titles continue to be held in the partnership name.

Debtor filed his bankruptcy petition on November 24, 1993. In his schedule of personal property, debtor listed his partnership interest, valued at $20,000.00, but debtor claimed the full value of his interest as exempt under Ohio Revised Code § 2329.-66(A)(14). Section 2329.66(A)(14) exempts from property of the estate a debtor's "right in specific partnership property." Ohio Rev. Code § 2329.66(A)(14) (Anderson Supp.1992). Debtor's plan was formulated without taking into account the value of his partnership interest. Trustee objected to confirmation of the plan on the basis that debtor's exclusion of his partnership interest was improper.

■ Under § 1325(a)(4) of the Bankruptcy Code, the court may confirm a Chapter 13 plan if:

the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C.A. § 1325(a)(4) (West 1993). Commonly called the "best interests of creditors" test, § 1325(a)(4) requires the court to assign a value to all property of the debtor's estate that would be available for liquidation, and compare the resulting distribution to the payments proposed under the plan. Exempt property, which would not be available for Chapter 7 liquidation, is excluded from the court's determination. 5 Collier on Bankruptcy ¶ 1325.05[d] (15th ed. 1993). To resolve whether debtor's partnership interest was properly excluded from the liquidation analysis based on the exemption set forth in Ohio Revised Code § 2329.66(A)(14), we must turn to state partnership law.

■ Absent an agreement to the contrary, Ohio partnerships are governed by the Ohio Uniform Partnership Law. Ohio Rev. Code §§ 1775.01–42 (Anderson 1992). The statute provides that real property may be held in the partnership name, and that such property is partnership property. *Id.* § 1775.07. The statute also enumerates events which, by operation of law, cause dissolution of the partnership. These events include "the bankruptcy of any partner." *Id.* § 1775.30. The partnership is not terminated upon dissolution, however, and it continues until completion of the winding up of partnership affairs. *Id.* § 1775.29. The winding up of the partnership involves applying the partnership property to obligations of the partnership, first toward debts owing to outside creditors, and then toward amounts owing to partners for loans, capital contributions, and profits, in that order. *Id.* § 1775.-39. Until the winding up is complete, the partnership property remains an asset of the partnership. *Id.* It thus is not property of the debtor's estate. "Until the creditors of the partnership are satisfied, each partner has no right to any distribution from the partnership." *In re Johnson,* 51 B.R. 220, 222 (D.Colo.1985).

■ Distinct from the partnership property itself, however, is the partner's interest in the partnership property. Section 1775.25 provides: "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." Although the partnership property is not property of the debtor's estate, the debtor's interest in the partnership is property of the estate. *In re Minton Group, Inc.,* 46 B.R. 222, 225 (S.D.N.Y.1985); *In re Olszewski,* 124 B.R. 743, 746 (Bankr.S.D.Ohio 1991).

Under Ohio law, MOD & Associates was dissolved upon the filing of debtor's petition in bankruptcy. In addition, the partners decided that the partnership would not continue. Consequently, only the mechanical step of the winding up prevents debtor from receiving his interest in the partnership, that is, the return of any capital contributions and his share of the profits. Given the imminent winding up of the affairs of the partnership, debtor's estate for purposes of liquidation analysis should include any distribution to which debtor will be entitled upon completion of that mechanical step. The court thus must estimate the value of the surplus debtor will receive after liabilities to partnership creditors are paid, in order to determine whether the proposed plan meets the "best interests of creditors" test set forth in § 1325(a)(4).

Debtor lists the value of his one-third interest in the partnership as $20,000.00. On the schedule of creditors holding secured claims against debtor, debtor lists a claim of Star Bank in the amount of $14,323.00, which is secured by a mortgage on the partnership property. Subtracting the balance owing Star Bank from $20,000.00, we arrive at a net value of $5,677.00, which is the amount available for distribution to debtor. (No evidence has been presented to the court that the partnership has liabilities outstanding to other creditors, such as utility companies, repair persons, or employees, that should be subtracted from debtor's partnership interest.) We hold that this estimate of debtor's share of profits and surplus must be included in formulating debtor's plan and determining whether the requirements of § 1325(a)(4) have been satisfied.

The objection of the trustee to confirmation is sustained. Debtor shall have 20 days from the date of entry of this order to file an amended plan, failing which this case will be dismissed.

So Ordered.