Paul CONTI and Julie
Conti, Plaintiffs,

v.

Howard L. BLAU, individually and as a member of Carway, Flipse & Blau, Jacqueline S. Carway and Adrienne L. Flipse, individually and as members of Carway, Flipse & Blau, and Carway & Flipse, Defendants.

No. 96 Civ. 3819(RMB).

United States District Court,
S.D. New York.

April 14, 1999.

## ORDER

BERMAN, District Judge.

On May 21, 1996, plaintiffs Paul and Julie Conti filed suit against defendants Howard L. Blau, the law firm of Carway & Flipse, its individual name members Jacqueline S. Carway and Adrienne L. Flipse, and the entity Carway, Flipse & Blau. Plaintiffs seek compensatory and punitive damages for alleged acts of legal malpractice committed primarily, but not exclusively, by defendant Blau who, according to plaintiffs, entered into a partnership agreement with defendants Carway and Flipse on or about April 1, 1995.[1]  On February 1, 1999, defendant Blau filed for

---

1. Among other things, the purported partnership agreement signed by Jacqueline Carway, Adrienne Flipse, and Howard Blau dated April 1, 1995 provides: "Carway and Flipse shall hold Blau harmless and indemnify him from any professional liability arising on and after September 1, 1995."

bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, thus triggering an automatic stay of plaintiffs' action against him in these proceedings pursuant to § 362(a) of the Federal Bankruptcy Code.

All parties hereto agree that, because of the Florida bankruptcy proceeding, plaintiffs are prevented from continuing this proceeding against defendant Blau. Co-defendants Jacqueline S. Carway, Adrienne L. Flipse, and the law firm Carway & Flipse have moved for a determination of whether plaintiffs may nonetheless continue these proceedings as to them. Their liability, if any, would presumably be based upon legal malpractice committed by Carway & Flipse personnel and defendant Blau. Plaintiffs claim that the automatic stay resulting from defendant Blau's bankruptcy pertains only to their action directly against Blau and that they are free to proceed against the defendants other than defendant Blau. The (non-Blau) defendants argue that § 362(a) also stays plaintiffs' action against them.

■ Section 362(a) of the Federal Bankruptcy Code automatically stays an "action or proceeding against the debtor" and "any act . . . to exercise control over property of the estate." Ordinarily, non-debtor co-defendants may not claim the protections of § 362(a). *See Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61 (2d Cir.1986) ("It is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1991) ("[F]ormal distinctions between debtor-affiliated entities are maintained when applying the stay. A proceeding against a non-bankrupt corporation is not automatically stayed by the bankruptcy of its principal."); *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir.1983) ("It is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the [debtor defendant]."); *Collier on Bankruptcy* ¶ 362.03[3][d] (Lawrence P. King ed., 16th ed., 1998). *But see A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986) (recognizing that in "unusual circumstances," namely where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," § 362(a) may operate so as to preclude action against non-debtor co-defendants).

At least several courts have held that actions against a non-bankrupt partnership in which a bankrupt defendant is a partner may be outside the scope of § 362(a), i.e. may proceed. *See Turner v. Lee (Matter of Minton Group)*, 46 B.R. 222 (S.D.N.Y. 1985); *Hudgins v. Life Sav. Bank (In re Hudgins)*, 153 B.R. 441 (Bankr.E.D.Va. 1993); *In re Palumbo*, 154 B.R. 357 (Bankr.S.D.Fla.1992); *Cardinal Indus. v. Buckeye Fed. Sav. & Loan (In re Cardinal Indus.)*, 105 B.R. 834 (Bankr.S.D.Ohio 1989); David G. Epstein et al., *Bankruptcy* § 11–35 (1992).

In *Turner*, the bankruptcy trustee argued that the automatic stay triggered by the corporate general partner's involuntary bankruptcy rendered the subsequent attempt to perfect a mortgage on property of the non-bankrupt partnership void. This Court, Hon. Charles S. Haight, rejected the trustee's position on the basis that rights arising from the partner's statutory interest in specific partnership property, as a "tenant in partnership," were too narrow to be considered "property of the [debtor's] estate" for the purposes of § 362(a). *See Turner*, 46 B.R. at 224.

In *Hudgins, Palumbo*, and *Cardinal Industries*, partnership creditors sought to foreclose on property of non-bankrupt partnerships, and individual debtor partners objected, unsuccessfully, on the basis of the automatic stay triggered by their

own bankruptcies. Like the *Turner* court, supra, the *Hudgins* bankruptcy court concluded that the rights arising from the individual bankrupt partners' status as "tenant[s] in partnership" were insufficient to characterize partnership property as property of the partners' estates under § 362(a). In *Cardinal Industries,* the corporate general partners argued that acts to exercise control over the assets of non-bankrupt partnerships were barred by application of the automatic stay triggered by their Chapter 11 petitions for bankruptcy reorganization. The bankruptcy court disagreed, explaining that action against property of the partnerships, generally recognized as separate legal entities in the Bankruptcy Code, does not violate the automatic stay of action against property of the debtor. See *Cardinal Industries,* 105 B.R. at 846–52.

### *Conclusion*

██ Based upon the foregoing authorities, among others, the Court determines that the stay triggered by defendant Howard L. Blau's bankruptcy does not preclude, at least, a hearing on whether any Carway & Flipse employees committed malpractice and whether a law firm partnership was, in fact, formed among Carway, Flipse and Blau. Counsel are directed to appear at a scheduling conference on May 14, 1999 at 3:00 PM (Courtroom 706, 40 Centre Street, New York, New York 10007).