LUKAS, NACE, GUTIERREZ & SACHS, CHARTERED, Plaintiff and Counterclaim–Defendant,

v.

Warren HAVENS and Suncom Mobile & Data, Inc. Defendants and Counterclaim–Plaintiffs.

No. CIV.A.99–395(JHG/AK).

United States District Court, District of Columbia.

Feb. 25, 2000.

Robert Stephen Litt, Arnold & Porter, David Patrick Durbin, Jordan, Coyne & Savits, Joel Robert Kaswell, Lukas, Nace, Gutierrez & Sachs, Chartered, Washington, DC, for Lukas, Nace, Gutierrez & Sachs, Chartered, plaintiff.

Steven Marc Schneebaum, Patton Boggs, L.L.P., Washington, DC, Robert Sprague, the Schinner Law Group, San Francisco, CA, for Warren Havens, Suncom Mobile & Data, Inc., Channing Jones, c/o SunCom Mobile & Data, Inc., defendants.

### ORDER

JOYCE HENS GREEN, District Judge.

One of the defendants in this case, Suncom Mobile & Data, Inc., filed for bankruptcy on February 4, 2000, in the United States Bankruptcy Court for the Northern

District of California. On February 8, the defendants filed in this Court a Notice of Stay pursuant to 11 U.S.C. § 362(a), which was followed by an opposition and reply. The Court has thoroughly reviewed all of the pleadings, the cases cited by both parties, and those cases relied on by Judge Kay in his Report and Recommendation. The Court notes that the case presents an issue of first impression in this Circuit.

 The Magistrate Judge is imminently correct in his determination that an automatic stay does not extend to a debtor's co-defendant, in this case Mr. Havens. Judge Kay's analysis of the courts' authority to expand the scope of a stay to include non-debtor litigants is equally correct,[1] and the Court sees no need to restate the conclusions he reached. Therefore the Court approves and adopts Judge Kay's Report and Recommendation, and attaches a copy of it to this Order.

Accordingly, the plaintiff may proceed against defendant Warren Havens in the present case.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

KAY, United States Magistrate Judge.

This matter has been referred to the undersigned for a recommendation on the issue of whether Defendant and Counter-complaint–Plaintiff's SunCom Mobile and Data, Inc.'s (SunCom) filing of a voluntary petition for bankruptcy should automatically stay the instant proceedings pursuant to 11 U.S.C. § 362(a). Upon consideration of Defendants' Notice of Stay of Action Pursuant to 11 U.S.C. § 362(a), the response and reply thereto, the positions of the parties as articulated during the February 14, 2000 telephonic status conference, and the entire record, the undersigned finds that the stay pursuant to 11 U.S.C. § 362(a) only affects SunCom and not Defendant Havens. Accordingly, the undersigned recommends that the trial court permit Plaintiff to proceed against Defendant Havens in the present case. As explained below, Mr. Havens has the option of seeking an injunction in the U.S. Bankruptcy Court for the Northern District of California if he so chooses.

### Background

On February 4, 2000, SunCom filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division. On February 8, 2000, Defendants Warren Havens and SunCom filed a

---

1. The Court does make one addendum to the Report and Recommendation on the issue of whether or not the defendants have argued that "unusual circumstances" warrant the expansion of the automatic stay. Although the initial Notice of Stay does not allude to any "unusual circumstances", in their reply brief defendants at least touch upon the issue of whether such circumstances exist: "the Court should issue a discretionary stay, since the claims against [Warren Havens] and SunCom are inextricably bound (at least with respect to discovery and both lay and expert witnesses), proceeding in the Havens matter will interfere with the successful emergence of SunCom from bankruptcy, and piecemeal litigation as a general matter should be discouraged." As Judge Kay explains, "unusual circumstances" may be found when proceedings against a third party will impede reorganization, *see Chase Manhattan Bank v. Third Eighty–Ninth Assocs.*, 138 B.R. 144, 147 (S.D.N.Y.1992). The defendants appear to suggest that specific reasons exist which would justify extending the stay to Mr. Havens, however their argument is utterly inadequate to establish "unusual circumstances", if indeed that is what defendants are attempting to do. They appear to recognize that their argument is insufficient, concluding their Reply with a request that the Court schedule the matter for "full briefing and argument, at which time [Havens] may develop his alternative argument that the Court should in any event stay these proceedings as an exercise of its discretion." The defendants did not utilize their opportunity to make an "unusual circumstances" argument in the papers now before the Court, and the Court will not now delay its decision in order to accommodate defendants' oversight. Judge Kay is accurate in his assessment that the Bankruptcy court would provide the best venue in which to pursue such an argument, if the defendants wish to do so.

Notice of Stay of this action pursuant to 11 U.S.C. § 362(a).[1] In their Notice, Defendants indicated that the automatic stay of these proceedings pursuant to § 362(a) affects all of the counts in this case, including those raised by and against Defendant Havens in his personal capacity "until further Order of this Court or of the U.S. Bankruptcy Court for the Northern District of California." Notice at 2. In its Response, filed February 9, 2000, Plaintiff expressed its opposing view that the automatic stay of proceedings resulting from the bankruptcy filing by Defendant/debtor SunCom does not preclude the instant litigation against Defendant Havens.

The undersigned held a telephonic status conference on February 14, 2000 at which time the parties were informed that the undersigned would issue a recommendation based on the Notice, response, and reply thereto or, alternatively, request that the parties further brief the issue.

### Analysis

#### A. Scope of the Automatic Stay pursuant to 11 U.S.C. § 362(a)

11 U.S.C. § 362(a) provides, among other things, that the filing of a voluntary petition for bankruptcy operates as an automatic stay applicable to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* ... that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (1999)(emphasis added). Defendants indicated in their Notice of Stay that pursuant to § 362(a), SunCom's bankruptcy petition stays the entire civil action. Plaintiff argues, however, that Suncom's bankruptcy petition only stays the instant case as to SunCom.

This Court notes that a plain reading of § 362(a)(1) indicates that the bankruptcy petition stays the civil action that arose prior to the bankruptcy proceeding only as to the debtor. Although the D.C. Circuit has not addressed this particular issue, the majority of circuits have held that non-debtor co-defendants may not ordinarily claim the protections of § 362(a). *See e.g. Conti v. Blau,* 234 B.R. 627, 628 (S.D.N.Y. 1999); *McCartney v. Integra Nat'l Bank North,* 106 F.3d 506, 509–510 (3d Cir.1997)(internal citations omitted); *Teachers Ins. and Annuity Ass'n of Am. v. Butler,* 803 F.2d 61 (2d Cir.1986); *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1196–97 (6th Cir.1983) ("It is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors or others with a similar legal or factual nexus to the [debtor defendant]."); Collier on Bankruptcy, ¶ 362.03[3][d] (Lawrence P. King ed., 15th ed., 1996); *but see A.H. Robins Co. v. Piccinin,* 788 F.2d 994 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *see also Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121–22 (4th Cir.1988) (noting that one rationale for not extending the automatic stay to non-bankrupt third parties is to ensure that creditors obtain "the protection they sought and received when they required a third party to guaranty the debt.").

#### 1. The Extension of the Stay to Non–Debtor Litigants

The authority of the bankruptcy court to enjoin a suit against a non-debtor co-defendant or extend the automatic stay to the non-debtor co-defendant where "unusual circumstances" exist is well-established.[2] Those district courts that have

---

1. Plaintiff, a law firm in Washington, DC, instituted the instant action to recover legal fees allegedly owed for services rendered to Defendants. Mr. Havens, a principal for SunCom, apparently personally guaranteed in writing that he would pay SunCom's fees. See Plaintiff's Response, n. 1.

2. Some jurisdictions have held that in unusual circumstances, particularly where a third party's interests "are so inextricably intertwined with those of the debtor that the latter may be said to be the real party in interest," a bankruptcy court may use its statutory powers under § 362 to stay proceedings against a

extended automatic stays base their authority in the courts' inherent power to stay a civil action in its entirety in the interests of justice. *See SAS Overseas Consultants v. Benoit*, 2000 WL 140611, **2–4 (E.D.La. Feb. 7, 2000) (citing *In re Zale Corp.*, 62 F.3d 746 (5th Cir.1995)) (holding that district court could use its inherent powers to effect a stay as to non-debtor litigant pending resolution of the related bankruptcy proceedings by considering whether there are "unusual circumstances" present and whether prerequisites for issuance of a preliminary injunction are met); *Gray v. Hirsch*, 230 B.R. 239 (S.D.N.Y.1999).

Although the D.C. Circuit has not addressed the issue of whether a district court can properly conduct the "unusual circumstances" analysis usually left to the bankruptcy court, the case law cited herein suggests that the court can use its inherent powers to stay an action to provided the relief sought by the non-debtor. According to the allegations of Plaintiff, Mr. Havens personally guaranteed SunCom's legal fees. It is not atypical for a creditor to require a prospective borrower to provide a guarantor of the debt owed to protect itself should the borrower become judgment-proof or bankrupt. In the present case, Defendants have not suggested or argued in their Notice or reply brief that there are any "unusual circumstances" that warrant the expansion of the automatic stay to include non-debtor parties or the imposition of an temporary injunction to extend to Mr. Havens the relief afforded by the bankruptcy court to SunCom. Should Defendant Havens as-

sert "unusual circumstances," this Court is of the opinion that the U.S. Bankruptcy Court for the Northern District of California is more conversant with the relationship of Mr. Havens and SunCom and better positioned to ascertain whether there exists unusual circumstances warranting a stay in this court of the pending action against Mr. Havens in his individual capacity.

### Recommendation

Upon consideration of the Notice, response and reply, the undersigned recommends that the trial court construe the automatic stay pursuant to § 362(a) to apply only to Defendant SunCom and that the trial court therefore permit Plaintiff to proceed against Defendant Havens.

Feb. 23, 2000.

---

non-bankrupt co-defendant. *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986)(citing *Johns–Manville Corp.*, 26 B.R. 405, 410 (S.D.N.Y.1983)). In addition, courts have repeatedly held that 11 U.S.C. § 105, which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [ ] title [11]," enables the bankruptcy court "to enjoin parties other than the bankrupt" from commencing or continuing litigation. *See A.H. Robins, Inc.* 788

F.2d at 1002–03 (citing *In re Otero Mills, Inc.*, 25 B.R. 1018, 1020 (D.N.M.1982); *Carabetta Enterprises v. City of Asbury Park*, 162 B.R. 399 (D.Conn.1993)) (citing *Chase Manhattan Bank v. Third Eighty–Ninth Assocs.*, 138 B.R. 144, 147 (S.D.N.Y.1992)) (observing that pursuant to § 105, courts have stayed creditor actions against non-debtor third parties where they have found that the action will impede reorganization or where the claims against the non-debtor third parties are really claims against the debtor).