■ JANE Q. KING, Appellant, v. MARY M. QUINN, Respondent.— *Per Curiam.* Appeal by plaintiff from an order of the Supreme Court at Special Term which denied her application for a renewal and rehearing, or, in the alternative, for reargument of a motion theretofore made by defendant for an order vacating a notice of pendency of action, which motion had been granted by an order (from which no appeal was taken) which imposed the condition that the net proceeds of the contracted sale of the real property described in the notice of pendency of action be deposited in bank pending determination of the issues of the action; which is brought to set aside, on the ground of undue influence, a conveyance by the plaintiff to her mother, the defendant, of property described in a previous deed from the mother to the mother and the daughter as joint tenants, with no indication of more than nominal consideration therefor. Appellant contends that defendant's application to vacate

was prematurely brought in that the order to show cause was granted July 16, 1964, returnable July 24, 1964 and that although the notice of pendency and complaint were filed July 13, 1964, the summons was not served until July 24, 1964. It would seem, however, that since the summons was, in fact, served, the action would be deemed to have been commenced July 13, 1964, upon the filing of the notice of pendency, which is now a provisional remedy, such filing being, in our view, the equivalent of the "order" required in cases of other provisional remedies, but not in this. (CPLR 6001; 203, subd. [b], par. 3; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 203.09, 203.11.) In any event, the action had been commenced under every applicable test, at the time of plaintiff's application to renew the motion, and this would seem to furnish an additional ground for denial of that application; an application of that nature involving the movant's production of new matter with the correlative right of respondent to submit new matter — such as the service of the summons — on her part. These conclusions render unnecessary any discussion of the additional argument, however, specious it may at first glance appear, that under CPLR 6514 an application for discretionary cancellation pursuant to subdivision (b) must await service of the summons and may thus entail delay for as long as 30 days, as is necessarily the case with respect to mandatory cancellation under subdivision (a) for failure to serve a summons. Appellant's additional contentions appear to us devoid of merit and do not require discussion. Appellant has demonstrated no basis upon which Special Term was bound to grant rehearing or reargument. Order affirmed, with $20 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.