(May 21, 1990)

■ BEDFORD PROPERTIES, LTD., Respondent, v ELEANOR

RHOADES, Defendant, and NORMA RHOADES, Appellant.—In an action for the partition and sale of real property, the defendant Norma Rhoades appeals from (1) an order of the Supreme Court, Putnam County (Dickinson, J.), dated June 15, 1989, which, *inter alia,* denied "without prejudice" her motion, *inter alia,* to vacate an "order of reference" and to dismiss the complaint, and (2) an order of the same court, dated February 16, 1990, which, denied her motion, *inter alia,* to vacate a judgment directing the sale of the subject real property and her separate application to stay enforcement of that judgment.

Ordered that the orders are affirmed, with one bill of costs.

On September 30, 1988, Daniel Rhoades' undivided 60% interest in the subject real property was sold at a foreclosure sale to Gilbert Shott for $600,000. On the same day, Shott, who was the president and nominee of the plaintiff Bedford Properties, Ltd., transferred ownership of the subject real property to the plaintiff corporation.

On October 4, 1988, the plaintiff filed a notice of pendency in the Putnam County Clerk's office, along with a complaint for the partition and sale of the subject real property, naming only Eleanor Rhoades as a defendant. Three days later, on October 7, 1988, the plaintiff amended the complaint to add Norma Rhoades as a defendant, and filed the amended complaint and an amended notice of pendency in the Putnam County Clerk's office. On October 27, 1988, the Sheriff served a summons and the amended verified complaint on Norma Rhoades (hereinafter the appellant) by "nail and mail" service. A certificate of service was filed with the court on November 4, 1988.

Not having received an answer by December 14, 1988, the date by which the answer was to be interposed *(see,* CPLR 3012 [c]; 308 [4]) the plaintiff moved for an order of reference. By order dated February 3, 1989, the matter was referred to a Referee, *inter alia,* "to ascertain and report the rights, shares and interest of the several parties to this action in the property described in the complaint * * * and to report whether the property * * * is so circumstanced that a partition thereof cannot be made".

Meanwhile, on December 19, 1988, the plaintiff received the answer of the appellant which set forth a one-sentence general denial, eight affirmative defenses, and was verified by an attorney based on "knowledge, information and belief". The attorney, Daniel Rhoades, averred that he verified the answer

because "neither of the defendants is presently in the county where Rhoades and Rhoades, P.C. has its office". However, the record reveals that in fact both defendants resided in the house in which Daniel Rhoades, their brother, had his law office. By letter dated December 19, 1988, the plaintiff rejected the appellant's answer as improper due to the defective verification.

More than five months later, the appellant moved to dismiss the complaint, and to vacate the order of reference and all notices of pendency. By order dated June 15, 1989, the court denied the appellant's motion, finding that the motion was, in effect, one to vacate a default unsupported by an affidavit of merit from the appellant. The court also observed that the appellant's answer was improperly verified by counsel, but granted the appellant leave to renew her application to cure the default upon submission of proper papers. Instead, the appellant filed a notice of appeal from that order.

Meanwhile, the Referee held a hearing which, although it had been adjourned at the appellant's request, was not attended by the appellant or her attorney on the adjourned date. Following the presentation of evidence, the Referee recommended that the property be sold since actual partition could not be made "without great prejudice to the owners thereof". Thereafter, the court confirmed the Referee's findings, and issued a judgment directing the sale of the subject property at public auction. The appellant's subsequent motion to vacate the judgment and a notice of sale signed by the Referee, and for a stay of the sale, were denied by order dated February 16, 1990. The appellant also appeals from the second order.

On appeal, the appellant contends, *inter alia,* that the action for partition and sale should be dismissed for lack of jurisdiction since the plaintiff impermissibly amended its complaint without leave of court. The appellant further contends that the order of reference and the judgment directing the sale of the real property should be vacated on the ground of lack of notice. The appellant's contentions are without merit.

The plaintiff was not required to obtain leave of court to "amend" its complaint to add the appellant. Even accepting the appellant's argument that the action was commenced when the first notice of pendency was filed on October 4, 1988 *(King v Quinn,* 23 AD2d 615), the complaint was "amended" only three days later—long before the return date for the defendant's answer on December 14, 1988, prior to which the

plaintiff was free to amend its pleading once without leave of court.

We further note that the appellant's answer was properly rejected for improper verification. The appellant was thereafter in default, and failed, despite the Supreme Court's invitation, to take the proper steps to vacate the default. Although the defaulting appellant was not entitled to notice as to subsequent proceedings (see, e.g., RPAPL 911), we note that the record indicates that she nevertheless received notice.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ.